STOUT v. THE CITY FIRE INSURANCE COMPANY OF NEW
HAVEN.

1. MISTAKE. The interest insured is described in the policy as that of
a mortgagee, which the parties supposed embraced a mechanics'
lien—the actual interest which the insured held in the premises:
*Held*, that in a action thereon conducted as a proceeding in chancery,
it was competent for the insured to show the mistake as one of fact,
and recover on the instrument as corrected. (Code of 1851, § 2401.)
2. MECHANICS' LIEN INSURABLE. A mechanics' lien constitutes an insur-
able interest.
3. ASSIGNMENT OF POLICY. An assignment of a policy of insurance,
with the consent of the insurer, pasess with it every thing necessary
to carry the purpose of the assignment into effect, though an actual
assignment of the original indebtedness is not made.
4. WARRANTIES. The policy recited, in the description of the building
insured, that it is "occupied for stores below, the upper portion to
remain unoccupied during the continuance of the policy." *Held*
   1. That the recital as to the occupancy of the lower story consti-
   tute an affirmative or express warranty, which, if false at the
   time the policy was issued, would operate to avoid it, whether mate-
   rial to the risk or not; but it was not a continuous warranty.
   2. That the stipulation in regard to the upper story of the building
   constituted a promissory or executory warranty, a non-compliance
   with which, at any time during the existence of the policy, would
   operate to avoid it, whether material to the risk or not.
5. AGREEMENT OF LIMITATIONS. A provision in a policy of insurance,
that no action of any kind, either in law or chancery, shall be
maintained against the insurer, unless commenced within a time
named, is, in the absence of qualifying circumstances, valid and
binding on the parties.
6. SAME: QUALIFYING CIRCUMSTANCES. When the interest insured was
a mechanics' lien, and the insured or his assignee, was required to
make proof to the insurer of the value of the interest insured, which
proof could not be made in a legitimate manner, within the time stip-
ulated, it was held that the stipulation was inoperative. WRIGHT, J.
dissenting.

*Appeal from Dubuque City Court.*

WEDNESDAY, DECEMBER 4.

*Wilson, Utley & Doud*, of counsel for the appellant, filed

an argument in writing, presenting the following points
and authorities :

I. The policy of insurance shows, that the interest insur-
ed was that of a mortgage, whereas the interest of the
assured (if he had any) was a mechanics' lien.    In order to
correct or modify an instrument of writing, it must be made
clearly to appear that both parties intended that different
conditions should be inserted, which by mistake were omit-
ted.    If either party intended to insert the provisions con-
tained in the instrument, under a mistaken idea of the law
applicable to it, the courts will not change or modify the
instrument.    *Stevens* v. *Cooper*, 1 John. Ch., 425; *Bellows*
v. *Stone*, 14 N. H., 175 ; *Wheaton* v. *Wheaton*, 9 Cow., 96;
*Lyon & Brookway* v. *Richmond*, 2 John. Ch., 51; *Pullem* v.
*Ready*, 2 Atk., 587; *Underhill* v. *Howard*, 10 Ves., 209;
*Hunt* v. *Rousmanierre*, 1 Pet, 1; *Gillespie* v. *Moon*, 2
John. Ch., 585; Adams Eq., 410; (3rd Am. ed.); *Pearson*
v. *Armstrong*, 1 Iowa, 282; 8 John., 190; *Hunt* v. *Adams*,
7 Mass., 518; *Dwight* v. *Pomroy*, 17 Ib., 303; *Barry* v.
*Morse*, 3 N. H., 132; *Williards*, Eq. Jur., 300; 1 Story,
Eq. Jur., §§ 138, 111, 125, 120, 137 and 138; *Shotwell* v.
*Murray*, 1 John. Ch., 512; *The Bank of the United States*
v. *Daniel*, 12 Pet., 32; 6 Paige's Ch. 847; *Edward* v. *Mor-
ris*, 1 Ohio 531; Pars. Mer. Law, chap. 19, § 2.

II. There must be either a direct legal, or equitable title
or interest in the party to the property insured; and with-
out such, there is not an insurable interest.    *Bixby* v. *The
Franklin Insurance Company*, 8 Pick., 86; *Strong* v. *The
Manufacturer's Insurance Company*, 10 Ib., 40; *Lazarus* v.
*The Commonwealth Insurance Company*, 5 Ib., 76 ; *Holbrook*
v. *Brown*, 2 Mass., 280; *Oliver* v. *Greene*, 3 Ib., 133; *Locke* v.
*The North American Insurance Company*, 13 Ib., 61; *Tyler*
v. *The Ætna Fire Insurance Company*, 19 Ib., 385; Pars.
Mer. Law chap. 19, § 3, Am. L. C., 394–426; *The Colum-

*bia Insurrnce Company* v. *Lawrence*, 2 Pet., 25, *McGiveney* v. *The Phœnix Insurance Company*, 1 Wend., 83.

III. An insurance is a contract of indemnity. 2 Am. L. C. 304; *Story* v. *The Manufacturer's Insurance Company*, 10 Pick. 43, (opinion of WILDE, J.,) Parson's Mer. Law, chap. 18, § 1; Angell on Fire and Life Insurance, § 1–5; 1 Phil. Ins., § 4, p. 3. The separation of the policy from the debt which it was executed to indemnify rendered the assignment void. *Carroll* v. *The Boston Marine Insuranc*e *Company*, 8 Mass. 515; *Bell* v. *Morse*, 6 N. H., 205; This assignment, which is absolute on its face, cannot be modified by parol evidence. *Hunt* v. *Adams*, 7 Mass., 518; *Stackpole* v. *Arnold*, 11 Ib., 27; *Higginson* v. *Dale*, 13 Ib., 96; *Ewer* v. *The Washington Insurance Company*, 16 Pick., *Sands* v. *Wood*, 1 Iowa, 263.

V. The title had reverted to David's grantor when the lien was established, under a contract prior to the lien. The lien was valueless, for David had no title; and nothing could be recovered upon a.policy of insurance executed as a contract of indemnity against loss.

VI. A condition in a policy of insurance, limiting the time within which an action thereon shall be brought is valid. *Gray* v. *The Hartford Fire Insurance Company*, 1 Blatch. C. C., 280; *Ames* v. *New York Union Insurance Company*, 4 Kernan, 353; *Portage Insurance Company* v. *West*, 6 Ohio, S. R., 599; Broom's Legal Maxims, 439, (4th ed.); *Williams & Bliss* v. *The Vermont Mutual Insurance Company*, 20 Verm., 222.

VII. Whether a warranty in a policy of insurance be material or immaterial, it must be strictly observed, else the policy is rendered void. *The Farmers Insurance Company* v. *Snyder*, 16 Wend., 482; Phillips on Ins. 124; *Dugan* v. *The Sun Fire Insurance Company*, 6 Wend. 488; *Bennett* v. *The Saratoga County Mutual Insarance*, 6 Com., 673;

*Kennedy* v. *The St. Lawrence County Mutual Insurance Company*, 10 Barb., 290; *Wall et al.* v. *The Howard Insurance Company*, 14 Ib., 283; *Gates* v. *The Madison County Mutual Insurance Company*, 2 Com., 43; Angell on Life Ins., §§ 130–344.

*Bissell, Mills & Shiras* of counsel for the appellee, filed a written argument, presenting the following points and authorities:

I. The contract is to be construed according to the intent of the parties; both parties intended to have the policy cover the interest of the mechanics' lien upon the property. The meaning which both attached to the word "mortgage" may be shown by parol evidence.   It is the peculiar province of a court of equity to correct mistakes of the kind proved in this case, whether it was treated as a mistake of law, or of fact.   *Hazard* v. *The New England Marine Insurance Company*, 1 Sumner, 218–226; *Hunt* v. *Rousmanierre*, 8 Wheat., 216; *The Chestnut Hill Reservoir Company* v. *Chase*, 14 Conn. 131; *Christ* v. *Differback* 1 Serg & R., 464 ; *Miller* v. *Henderson*, 10 Ib., 390; *Patridge* v. *Clarke*, 4 Penn. S. R., 166; *Hopkins Executors* v. *Wazzek*, 1 Hill S. C., 242, 251; *Lyman* v. *The United States Insurance Company*, 2 John. Ch. 630; *Collett* v. *Martin*, 4 Litt., 122; *Samuel's Heirs* v. *Dowley*, 6 Har. & John., 500; *Edwards* v. *Morris*, 1 Ohio, 531; *McNaughten* v. *Patridge*, 11 Ib., 223; *Evans* v. *The Heirs of Shade*, Ib., 480; *Oliver* v. *Mutual Insurance Company*, 2 Curtis, 277; 1 Story Eq. Jur., § 136; Williards Eq., 73; *Phoenix Insurance Company* v. *Gurnee*, 1 Paige Ch., 178, (is a leading case in point;) *Malleable Iron Works* v. *Phoenix Insurance Company*, 25 Conn., 465.

II. We conclude that the insured must prove an insurable interest in the property, both at the time of the insurance, and at the time of the loss; and we claim that a mechanic's

lien is insurable to the mechanic. 2 Am. L. C. 395; *Hancox* v. *Insurance Company*, 3 Sumn., 132; 6 Serg. & R., 103; *McGiveney* v. *The Fire Insurance Company*, 1 Wend., 85; *Franklin Insurance Company* v. *Coates & Glen*, 14 Md., 285; Angell on Fire Insurance, § 56–59; *Motley* v. *Manufacturing Insurance Company*, 29 Maine, 339; *Mittenberger* v. *Beason*, 9 Binn., 198.

III. The rights of the parties are to be determined by their position at the time of the insurance, and at the time of the loss. Both the mortgagor and the mortagee have an insurable interest in the mortgaged property; each may insure at the same time; but if a loss occurs before the title has vested in the mortgagee by foreclosure, the mortgagor may recover, although the title vests immediately after. *Lansert* v. *Chatham Fire Insurance Company*, 1 Hall 41; 2 Am. L. C., 395; *McGiveny* v. *Fire Insurance Company*, 1 Wend., 85; *Hancox* v. *Insurance Company*, 3 Sumn., 132.

IV. A policy of insurance is, with assent of the company, assignable without a sale or assignment of the property insured; and in this State the assignee may bring suit in his own name. Although a policy is assigned, the assignor is the party assured; it is his loss if one occurs. The assignment of the policy is merely an assignment to whom the money shall be paid. *Grosvenor* v. *Brooklyn Insurance Company*, reported in the Am. Law Reg., for Dec. 1858, p. 118; *State Mutual Insurance Company* v. *Roberts*, Law. Reg. Feb., 1859, p. 229; *Phillips* v. *Merrimack Mutual Insurance Company*, 10 Cush., 350; 3 Hill, 88; 8 Cush. 393; Angell on Fire Insurance, 199; 9 Wend., 104; 1 Conn., 290; 18 Ill., 553; Phill. Ins., § 410; 8 Mass., 515; *Birdsey* v. *The City Fire Insurance Company*, 26 Conn., 165.

V. Proof that the assignment of the policy, although absolute, was only collateral security for the payment of a

debt, neither contradicts, explains, nor varies a written in-strument. *Ellis* v. *Hemzieger*, 27 Mo., 311.

VI. Although the policy was assigned to Stout, still Longhurst was the party insured; and all proofs of loss, notices, &c., should have been made by Longhurst, And if the preliminary notices and proofs of loss are given to the company, and are received without objection, the company cannot object to such proof, &c., for the first time on the trial of the cause. *Bodle* v. *The Chenango County Mutual Insurance Company*, 2 Conn., 53; *Turby* v. *The North American Fire Insurance Company*, 25 Wend., 374; *O'Niel* v. *The Buffalo Fire Insurance Company*, 8 Conn., 122; *Noyes* v. *The Washington County Mutual Insurance Company*, 30 Verm., 659. The time of giving proof, loss, &c., is to be governed by the circumstances of each case. Angell on Fire Ins., § 231; *Edwards* v. *The Baltimore Fire Insurance Company*, 3 Gill. (Md.,) 176; *Cornell* v. *Le Roy*, 9 Wend., 163.

VII. The plaintiff is entitled to recover, to the extent of his interest in the mechanics' lien, in the name of Berry & Playter. There is no dispute as to the fact that as between themselves—that is, Longhurst and Berry & Playter—it was a specific and separate interest, for a specific sum, and therefore, clearly within the rule. *Irving* v. *Excelsior Fire Insurance Company*, 1 Bosworth, 507; Phill. Ins., § 416.

VII. There was no warranty that the lower part of the building was to be used for any purpose. It was a mere representation of the use to which the building was to be appropriated; and this representation, to avoid the policy, must not only be false but material to the risk. *O'Niel* v. *The Baltimore Insurance Company*, 3 Conn., 122; *Catlin* v. *The Springfield Insurance Company*, 1 Sumn. C. C., 434. A warranty is strictly construed against the company; and nothing will be included in the warranty, except it is in

express terms. *Grant* v. *Howard Insurance Company*, 5 Hill, 10; *Hall* v. *The People Mutual Fire Insurance Company*, 6 Gray, 185; *Denny* v. *Conway Fire and Mutual Insurance Company*, 12 Ib. 482.

VIII. The condition of limitation in the policy is void.

*Samuels, Allison & Crane* of counsel for the appellants, in reply, presented the following points and authorities:

I. The following clause in the body of the policy, to-wit: "On the five story brick building, and three story brick addition, known as the Lawrence Block, *occupied for stores below*," constitutes a warranty on the part assured, any violation of which renders the policy void. Angell on Fire Ins., § 145; 6 Cush., 340; 3 Gray, 580; 5 Hill, 188; 7 Hill, 122; 2 Denio., 75; 2 Seld. 53. The parties having treated it at the time the policy was executed, as in some respects material to the risk, the company have a right to insist upon its exact and literal fulfilment. 1 Phill. Ins., 418; *Barrett* v. *Saratoga Insurance Company*, 5 Hill, 192; *Jennings* v. *Chenango County Insurance Company*, 2 Denio., 81; *Wood* v. *The Hartford Fire Insurance Company*, 13 Conn., 545; *Williams* v. *New England Mutual Insurance Company*, 31 Maine, 219; *Glendale Manufacturing Company* v. *The Protection Insurance Company*, 21 Conn., 20; 22 Conn., 235; 2 Seld., 53; 6 Wend., 588; 2 Pet., 34; *Stakes* v. *Cox*, 37 Eng. Law & Equity, 561; *Sillem* v. *Thornton*, 26 Ib., 239; *Loud* v. *Citizens Mutual Insurance Company*, 2 Gray, 223; *Ludlow & Ludlow* v. *Dale*, 1 John. C., 16; 6 Wend., 488; *Holmes et al.* v. *The Charleston Mutual Fire Insurance Company*, 10 Met., 211; *Merriam* v. *The Middlesex Mutual Fire Insurance Company*, 21 Pick., 162.

II. The 13th condition of the policy, providing that no action under or by virtue of the policy shall "be sustainable in any court of law or chancery, unless such suit or

action shall be commenced within the term of twelve months next after the loss or damage shall occur; and in case any suit or action against said company, after the expiration of twelve months next after such loss or damage shall have occurred, the lapse of time shall be taken and deemed as conclusive evidence against the claim thereby attempted so to be enforced," is valid and binding. *The Eagle Insurance Company* v. *The Lafayette Insurance Company*, 9 Ind., 449; *Amesburgh* v. *Bowditch Mutual Fire Insurance Company*, 6 Gray, 596; *Fullam* v. *The New York Union Insurance Company*, 7 Gray, 61; *Gray* v. *The Hartford Fire Insurance Company*, 1 Blatch., 288; *Brown* v. *Roger Williams Insurance Company*, 5 R. I., 394; *Ames* v. *The New York Union Insurance Company*, 4 Ker., 254; *Northwestern Insurance Company* v. *Phœnix Oil and Candle Company*, 31 Penn , S. R., 448; *Brown* v. *Savannah Mutual Insurance Company*, 24 Georgia, 97.

BALDWIN, J.—This action was brought by the plaintiff, as the assignee of a policy of insurance issued to William Longhurst. The interest of the insured is indicated in the following language: "In consideration of one hundred dollars to them (meaning the defendants) paid by the assured hereafter named, the receipt whereof is hereby acknowledged, do insure William Longhurst, (mortgagee,) Dubuque, Iowa, against loss, &c., "to the amount of five thousand dollars in Lawrence Block, in the city of Dubuque;" which policy was assigned to plaintiff, the consent of the company being signified in writing, on the back of the policy. The policy bears date October, 18th, 1857, to continue one year, against loss by fire.

The petition avers, that the interest of said Longhurst, in said Lawrence block, was a mechanics' lien, and that the term "mortgagee" was intended to include and describe a mechanics' lien, and that said Longhurst so made his inter-

est known to the defendant at the time he made application for the insurance, and when the insurance was affected; and that it was by mistake of the agent of the company that the word "mortgagee" was inserted in said policy; and that said agent at the time the policy was executed assured Long-hurst, that such description was sufficient to indicate the nature of the interest held by him, and which he desired to have insured. Upon this averment of intention and mistake, issue was joined, and the parties stipulated in writing that any evidence to correct any mistake in the terms of the policy sued on might be introduced in this proceeding which might be given in a proper chancery proceeding for the same purpose, and that relief should be granted accordingly under the issue thus made.

Here there was an issue or matter of fact, upon which the jury, under the instructions of the court, could properly find. Under this issue the plaintiff proposed to introduce the policy above referred to as evidence; to which the defendant objected, for the reason that its terms showed that the interest of a "mortgagee" was insured, which objection was overruled by the court. Numerous other objections having the same object in view, and tending to the same end, were disposed of in the same manner. We do not deem it necessary to examine minutely the several objections as made by the defendant. We can see no good reason why the policy should not have been introduced, with any other testimony which tended to prove the mistake or intention of the parties, under the issue and stipulations filed.

It is claimed by the defendant that if the mistake which is sought to be reformed and corrected is one of law, that the same cannot be reformed. And also, that if there was a mistake between the parties, it was one of law purely, and that the parties thereto must abide the consequences.

This no doubt is the common law doctrine, and if the Code (§ 2401) did not control this doctrine to some extent, we should perhaps, examine the question more minutely. We think, however, that the issue in this case made a question of fact, upon which the jury could legitimately find, and as both the insured and the agent who issued the policy testified that the applicant desired to be insured against loss by fire, upon an interest which he held as a mechanics' lien, and that he was persuaded by the company, at the time the term "mortgagee" was inserted in the policy, that it covered that interest, and he was thereby induced to accept the policy; and as both the evidence and the instructions clearly indicate that the jury did find upon this issue, we are not disposed to disturb that finding. There is no conflict of evidence upon this point, and the matter was properly submitted to the jury, under this issue.

There are three other assignments, upon which counsel for appellant claim a reversal, which we think proper to consider, the contract being treated as reformed, and a mechanics' lien being insured.

I. It is claimed that Longhurst had no insurable interest in the building, and that if he had, the said assignment was void, the original indebtedness of David, the owner of the building insured, not having been assigned.

*First*, Had Longhurst an insurable interest in the property insured? The testimony shows that Longhurst had done work under a contract with the owner of the building insured; that the building was consumed by fire, on the 21st day of January, 1858; and that at the first term of the court next thereafter, he prosecuted his suit against the said owner, for the sum of $18,000, and that he finally obtained judgment for the sum of $17,125, and established his mechanic's lien upon the lots upon which the insured building was located. The judgment thus rendered is the highest grade of evidence, and conclusive until reversed.

We can come to no other conclusion, taking all of this testimony, than that Longhurst had a legitimate interest in said building. Then if legitimase, is it not a subject in relation to which parties may contract? And if so, why may not the insurance company contract to insure that interest? The policy itself shows that it is the ostensible business of the company to take such risks, and if the subject matter of the contract is legitimate, why is not the interest insurable?

*Second,* Can this policy be assigned without making an actual assignment of the original indebtedness which was the basis of the lien? The policy contains the following language: "And the said company (meaning defendant) promise to make good unto the said assured, his executors, administrators and assigns, all such immediate loss," &c. And in the 4th clause of the annexed conditions, we find the following: "Policies of insurance subscribed by this company shall not be assignable without the consent of the company indorsed thereon. In case of an assignment without such consent, whether of the whole policy, or any interest therein, the liability of the company in virtue of such policy shall therefrom cease." We think this language clearly indicates that the parties themselves have controlled this matter of assignment, and a necessary construction shows that the policy may be assigned, if the company first give their consent in writing. The testimony clearly shows that the plaintiff, as assignee, held the policy by virtue of said assignment, and as collateral security for an indebtedness of Longhurst to plaintiff. The indemnity is not so separated from the original indebtedness of Longhurst, as to render it void. The assignment passes with it all the necessary functions to carry the object of it into effect. The intention of the assignment was to place the assignee in the shoes of the assignor, so far as to recover the money in case of a destruction by fire of the property insured—a mere direction that the money should be paid to plaintiff. We

can but determine that the plaintiff had an insurable interest in the property insured, and that the assignment was legitimate, and being with the consent of the company, and for a proper purpose, it did not not render the policy void.

II.   It was claimed that there was a warranty by the party insured, that the occupation of the property insured, or the business carried on in the same, should be continued as it was when the insurance was affected during the continuance of the policy; and that the business not being so continued, there was a breach of the warranty, and that plaintiff should not recover.   Was there such a warranty as is claimed?   The language of the policy, which the defendant claims, in law, amounts to a continuous warranty, is as follows :   " In consideration of one hundred dollars to them (the company) in hand paid by the assured, the receipt whereof is hereby acknowledged, do insure Wm. Longhurst (mortgagee) against loss or damage by fire, to the amount of five thousand dollars, on the five story brick building, and the three story addition, known as the Lawrence Block, occupied for stores below, the upper portion to remain unoccupied, during the continuance of this policy."   The testimony is that a portion of the lower story of the building was occupied for a dancing academy, in the month of December, 1857.   Defendant claims that the language in the policy, "occupied for stores below," is, in law, a warranty that the same should continue to be thus occupied, during the continuance of the policy, and that any change in the use of the rooms below was a breach of such warranty, and avoided the liability of the company.

We will inquire first, what is a warranty in a policy of insurance against loss or damage by fire?   And the facts of this case will necessarily lead us to inquire as to the different kinds of warranties, whether express, promissory or

executory. There may be several warranties, and of each class in one policy. "The stipulations in policies are considered express warranties. An express warranty is an agreement expressed in the policy whereby the assured stipulates that certain facts relating to the risk are or shall be true, or certain acts relating to the same subject, have been or shall be done. It is not requisite that the circumstances or act warrantied should be material to the risk." 6 Wend. 488, and cases cited. There may be affirmative and promissory or executory warranties. See Angell on Fire Ins. § 145 and cases cited.

The policy in this case contains both affirmative and executory warranties. 1st. The acceptance of the policy with the clause that the lower story of the building insured was, at the time the policy was affected, occupied for stores, was an affirmative or express warranty that the same was at the time so occupied. And if the representation was false, in other words, if the lower story was not then so occupied, whether material to the risk or not, would avoid the policy. 2d. The upper portion of this building insured, as set forth in the policy, was to remain unoccupied during the continuance of the policy. This portion is promissory or executory, and must be strictly complied with on the part of the assured, or the policy will be avoided, whether material to the risk or not. The distinction between the affirmative, or express, and promissory, or executory, warranties is very perceptible in this case. The former represents that a certain fact did exist at the time the policy was effected; and the latter, that a certain thing should exist during the continuance of the policy;—both made equally material by the parties themselves, and each fatal to the assured if false or not executed. Even if it be admitted in this case as claimed by defendant, the evidence fails to show that the plaintiff had the control of the building insured; he did not stipulate that the lower story of the building should

continue to be occupied for any particular purpose during the continuance of the policy. There is nothing of that kind on the face of the policy, nor is there any thing in the by-laws or conditions annexed to the policy preventing a change of business, if said change does not add materially to the risk taken. The policy may be wholly avoided by the using of the building insured for the purposes that are specially prohibited in the by-laws or conditions annexed to the policy, classified as hazardous and extra-hazardous. Or it may be made void by materially increasing the risk in any other manner. The representation in the policy—"the lower story occupied as stores"—indicates that the same was so occupied at the time the insurance was effected, and is not a continuous warranty. See *O'Neil* v. *The Buffalo Insurance Company*, 3 Com. 122. If not continuous, no breach of the warranty can be claimed.

III. It is claimed that the plaintiff ought not to have recovered in the court below, for the reason that he was concluded, he not having brought his suit within twelve months after the loss, as provided in a by-law or condition attached to the policy. The provision thus referred to reads as follows: " It is furthermore hereby expressly provided that no suit or action of any kind against said company for the recovery of any claim upon, under or by virtue of this policy, shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within the term of twelve months next after the loss or change shall occur, and in case any suit or action shall be commenced against said company after the expiration of twelve months next after such loss or damage shall have occurred, the lapse of time shall be taken and deemed conclusive evidence against the validity of the claim thereby so attempted to be enforced."

We are brought directly to the inquiry whether this provision attached to the policy is binding in ordinary cases,

and if so, are there any circumstances that make it inoperative in this case.

The third instruction asked by plaintiff and given by the court is placed upon the hypothesis, that such a stipulation or condition is in all cases invalid and void, and that it is no bar to an action, although it may have been commenced after the twelve months expired; that it contravenes the statute of Iowa, and although inserted in the policy or in the conditions annexed thereto and made a part of the contract, it is of no force whatever. It is admitted by counsel in their argument that the authorities are somewhat in conflict upon this subject. After an examination of those cited in the briefs, so far as we have been able to refer to them, we come to the conclusion that where there are no qualifying circumstances controlling the same, the weight of authority supports the validity of this provision. In other words, that such regulation may be made by the company, and when accepted by the assured, in ordinary cases, it becomes valid and binding. We are unable to see why the contract to take risks may not be treated as any other contract or stipulations mutually binding upon the parties thereto, unless it is tinctured with fraud, is against the policy of the country, or in some manner contravenes the law. Why may not parties to a contract fix their own terms, as well as the time of bringing suit, or any other ingredient entering therein. It is a matter of mutual agreement between the parties themselves. They may have the benefit of the statute of limitation, unless they waive it and fix their own limitation. This clause in the contract in ordinary cases may be the inducements for the one party or the other, to enter into it, and as a matter of right, it should be regarded as valid. We therefore do find that the court below ruled erroneously upon this question, both in giving the instructions of plaintiff, and in refusing those asked by defendant.

But while it is true, that this provision should in ordinary

cases be held as valid, yet a contract of insurance is treated like any other contract; and the same rules of construction must govern it.  To construe this policy, we must take our stand point where the parties themselves stood, consider each and all of its parts, and if there are conflicts in the different provisions of the policy, then the facts and circumstances surrounding the transaction must determine how the parties themselves understood it, and that construction must prevail.  The point once settled, that the interest insured was a mechanic's lien, and the conditions of the policy such, that the assured or his assignee is required, before the commencement of his suit on the policy, to prove to the company, the value of the interest that he may have in the building insured, and if this cannot be done in the ordinary proceedings in courts, necessary to be pursued, or if such proof cannot be made in a legitimate way within one year after loss, then this condition requiring suit to be commenced within one year is rendered inoperative by the parties themselves.  The best evidence, indeed, as we regard it the only legitimate evidence, to prove the value of the interest (which proof of value is required, by the conditions of the policy, to be made to the company before the commencement of the suit,) is the established lien of the mechanic, as adjudicated by the court against the owner of the building.  In this case, one David was the owner of the building insured, and Longhurst the mechanic and contractor.  While he had a lien for his work and the material furnished, the court had to determine the value of such work and material.  The mechanic had no more right to place a value upon the same, than he for whom the work was done.  The lien must be established by the judgment of the court.  And the amount of such lien was the interest insured.  The judgment, as before stated, is the best and only evidence to prove that value.

The insured in this case having pursued his remedy to

obtain said judgment with diligence, and having made his proof of the loss, and the value of the interest in the manner necessary to be pursued to establish such proof, and having then pursued his remedy against the company with all ordinary diligence, the condition requiring that suit should be brought on the policy, within one year, is rendered inoperative. Any other conclusion would do violence to the construction given to the instrument, by the parties themselves, as disclosed by the contents of the contract, taking into consideration the character and nature of the interest insured, and the conflicting requirements in relation to the same.

Although the court below erred in giving the instruction asked by plaintiff upon the question of limitation, in the manner that it did and without qualification, yet as this error did not prejudice the rights of the defendant under the view we take of the case, the judgment will not for this error be reversed.

There are other questions presented by counsel for appellant, which we have examined, but can not conclude that the ruling of the court below was erroneous.

Judgment affirmed.[1]

WRIGHT, J., *dissenting.*—I think plaintiff's action was barred by the terms of the policy. So holding, I dissent from the foregoing ruling upon that point. The case should be reversed.

---

(1.) A petition for re-hearing was filed in this case, but was overruled by the votes of LOWE, C. J. and BALDWIN J.