CARTER v. THE HUMBOLDT FIRE INSURANCE COMPANY.

1. Insurance: CONSTRUCTION OF POLICY. The property insured was described in the policy as follows:   "The five story brick building and three story brick addition known as the Lawrence block, occupied as stores on the first floor, the upper portion intended for a hotel, and to be unoccupied during the continuance of this policy, and situated on the east side of Main street, between Ninth and Tenth streets." *Held*, 1,

That it was not a warranty that *all* the rooms on the first floor were occupied. 2. That if *any* of the rooms on said floor were occupied, the others remaining unoccupied, the language of the policy was met.

*Appeal from Dubuque District Court.*

WEDNESDAY, DECEMBER 7.

PLAINTIFF'S ASSIGNEES furnished labor and material in and about the erection of the Lawrence block, in the city of Dubuque, and insured their interest therein as such mechanics in defendant's company. The policy of insurance describes the property as follows: " The five story brick building and three story brick addition known as the Lawrence block, *occupied as stores on first floor*, the upper portion intended for a hotel, and to be unoccupied during the continuance of this policy, and situated on the east side of Main street, between Ninth and Tenth streets, Dubuque, Iowa." It seems that there were nine rooms intended to be used as stores on the first floor. The jury found for plaintiff, and in answer to specific interrogatories also found that at the time the policy was issued, but two of these rooms were occupied as stores, and that the others were entirely unoccupied. On defendant's motion, the general verdict was set aside, and judgment rendered against plaintiff upon the special finding. Plaintiff excepted and appeals.

*Bissell & Shiras* for the appellant.

*John Doud, Jr.,* and *Allison & Crane* for the appellee.

WRIGHT, Ch. J. — It is stated by counsel for appellant, that the court below, in giving a construction to the lan-

1. INSUR- guage of this policy, was influenced by, and fol-
ANCE :
construc- lowed the case of *Stout* v. *The City Fire Insurance*
tion of
policy. *Company of New Haven*, 12 Iowa, 371. Appellee's counsel also claims, *arguendo*, that this case is author-

ity for the ruling in this. We have examined the language and points decided in that case, with great care, and cannot see how it can possibly be regarded as authority upon the question now before us. It is true that the language of the two policies is very similar, and the same building was insured in each. But there the question was, whether the warranty as to the occupancy of the rooms on the first floor was continuous, or a mere affirmation that it was so used at the time the policy was issued. In that case, there was some testimony that the lower story was, after the date of the policy, used, in part, for a dancing academy, and hence it was material to construe the warranty, and determine whether it was a representation that a fact did then exist, or an engagement that the lower story was not only then occupied for a specific purpose, but should so continue during the continuance of the policy. Nothing is said in the opinion, however, indicating in the least what would amount to an occupancy within the meaning of the policy. No such question was before us, and hence was not decided.

We are therefore left to determine the present case uninfluenced by anything found in that opinion. And, in deciding it, we have no single circumstance to aid us, beyond the very language of the policy. There is no survey, no statement in writing or otherwise, from the insured; nothing to show what knowledge the insurers had at the time, of the condition of the property; in a word, no single thing, except the words used in describing the property and its condition. What, then, is meant by the words, "*occupied as stores on first floor?*" When we have settled their meaning, the case is disposed of, for it is in effect conceded that they relate to the risk; that they constitute an affirmative and express warranty that the lower story was thus occupied, and that if it was not so used, plaintiff cannot recover.

Plaintiff maintains that, if any of these rooms were occupied as stores, the language of the policy is met, while defendant insists that each one of the nine rooms must have been actually occupied, and that if either was not, the policy is void. It seems to us that plaintiff's construction is correct, and that he was entitled to judgment upon the general verdict.

In stating the reasons leading to this conclusion, we remark that it is one of those questions which argument can assist but little to elucidate. The language is plain and simple, and conveys its own meaning. It is certainly true that the first floor would be thus occupied if two of the rooms were used for stores at the time. True it is that this would not be an occupancy of all; nor does the policy so require. The language refers to first floor as a whole, and not to the rooms or apartments into which it was divided. It does not say that these several apartments are thus used, but the first floor is thus occupied. And, while we cannot concur in the argument of plaintiff, that the word "occupied" means the same as "constructed;" nor yet fully in the position that the clause under consideration is descriptive merely of the object or purpose to which the first floor was to be devoted, we nevertheless think it was intended more to describe the manner of its intended occupancy and use, than as a warranty that each room was so used at the time. Thus it was contemplated that stores, in their ordinary signification, were kept (or to be kept) there, rather than billiard saloons, liquor shops, carpenter shops, or other establishments of a like character. And this view is strengthened by the fact that the building was a large one; that it was unfinished; the larger portion (all above the first floor) was to remain unoccupied during the continuance of the policy; that was *intended* for a hotel, while the lower or first floor was designed for stores. Its purpose and object was clearly shown in the

manner of its construction, and while, according to the strict letter of this warranty, some occupancy of the first floor was necessary, we do not believe that it means that all of the subdivisions were occupied. The first floor was not unoccupied. And yet such was its condition, according to appellee's argument in the light of the requirements of this policy.

Now, if it appeared that any of these rooms were at the time occupied for any other purpose than stores, much of appellee's argument would be entitled to weight. The case of *Wall* v. *East River Mutual Insurance Company*, 3 Seld., 372, is of this character; for there the policy was on a rope-maker's stock "contained in a brick building occupied as a storehouse"—and it appeared that part of the building was used for packing hemp and spinning it into yarn, and the description was held to amount to a warranty that the whole building was occupied as a storehouse, and the policy was avoided because of the breach. Here, however, nothing of the kind is shown. And it may, certainly, well be doubted whether the policy in that case would have been avoided, if a portion of the building had been unoccupied. All such descriptions are to be understood in their plain and ordinary sense, unless there is something to indicate that they were to have a peculiar or unusual meaning. The connection in which they are found, and the general object and nature of the contract are also to be considered. And therefore the words, "stores on first floor," might mean much more or less in some contracts than in others. Thus, as argued by appellee's counsel, if plaintiff had agreed to paint, or paper, or rent the "stores on the first floor," there would be little doubt but that this would mean all of them. But suppose an inquiry is made, whether a certain house is occupied, and the answer is in the affirmative, does this necessarily or fairly exclude the conclusion that a part may be unoccupied? Or, suppose A. agrees with B. to occupy

a house consisting of several apartments, would the contract be broken if any one should be unoccupied? It seems to us most clearly not.

But, without adding more, we conclude, in the language of the court in *Wall* v. *Howard Insurance Company*, 14 Barb., 485, that "although a warranty must be complied with, even in matters that do not seem to affect the risk, yet the courts are liberal to the insured in giving an interpretation to the warranty; and they have been strict in requiring the insurer, who draws up the policy and deliberately chooses his own language, to use such as will, in its literal understanding, clearly convey the intended meaning." And see, to the same effect, *Saylar* v. *Insurance Company*, 2 Curtis C. C. Rep., 613; also *Jefferson Insurance Company* v. *Cotheal*, 7 Wend., 73.

The judgment below is therefore reversed, and remanded, with instructions to the court below to enter judgment in accordance with the general verdict.