LONGHURST v. THE STAR INSURANCE COMPANY.

1. **Insurance:** MISTAKE IN DESCRIPTION. Where application was made to an agent of an insurance company authorized to take risks, for a policy upon a *mechanic's lien* interest in real estate, and a policy was issued in which the interest of the assured was described as that of a mortgagee, both parties believing that the description embraced the interests of a mechanic's lien, it was held, that the contract would be so reformed in equity as to make it express the real intent of the parties.

2. —— LIMITATION: MECHANIC'S LIEN. It is competent for the parties to a policy of insurance to provide therein that no action shall be maintained

Longhurst v. The Star Insurance Co.

thereon for any loss after the lapse of a certain time after such loss; but such condition will not be enforced when so necessarily inconsistent with the nature of the interest insured as to render a recovery unattainable by the exercise of due diligence. WRIGHT, Ch. J., *dissenting*.

*Appeal from Dubuque District Court.*

SATURDAY, JANUARY 6.

THE case developed by the record, and the facts out of which it arose, will sufficiently appear in the opinion of the court.

*Crane* and *Doud* for the appellant.

*Bissel & Shiras* for the appellee.

LOWE, J.—The action is to recover a loss upon a policy of insurance, equitable in its character, and therefore

1. INSUR-ANCE: mistake in description. unlike the usual proceeding brought to recover claims of this description.

The policy sued, expresses the interest of the insured to be that of "mortgagee," whereas, in his application for the policy, he stated the interest (intended for protection) to be that of a mechanic's lien upon what was known as the Lawrence block, in the city of Dubuque; and it was this latter interest which, as a matter of fact, was insured, and for which the defendant received the required premium from the plaintiff, and is still enjoying the fruits thereof, for all the records exhibit.

The inaccuracy of the description may have resulted from the fact that a mortgage lien and a mechanic's lien belong to the same class of insurable interests, and therefore it was supposed, it may be, that there was no special reasons for expressing upon the face of the policy its particular generic quality.

Nevertheless, there is a distinctive, technical difference between the nature of the two liens, recognized in law; and, without naming all the points of difference, we remark that one is the creature of the statute, the other that of contract; and lest in a law jurisdiction (should the controversy be tried there) it should be held that the interest proved to have been destroyed by fire, was not the one insured against in the policy (and on that account not entitled to protection or indemnity), the plaintiff in his petition invokes the chancery power of the court to reform the policy, or in other words to disregard the variance suggested, and to afford the relief to which he would have been entitled if the misdescription had not existed according to the real interest of the parties.

It first becomes pertinent to inquire, how the variance occurred, and in what points the respective statements of the parties differ.

The sum of the plaintiff's statement is this: That one Henry A. Littleton was the resident agent of the defendant, fully authorized to take risks and grant policies; that Jefferson Farmer was a partner of the said Littleton in the insurance business; that when he applied for a policy, he distinctly informed the said Littleton of the nature of his interest in the Lawrence block to be that of a mechanic's lien, and such Littleton knew it to be when he issued and delivered the policy; that Farmer drew up the written application for him, signing his name thereto, and describing his interest in the property as being that of a mortgagee, of which fact he was ignorant, not having read the same; that the policy was issued, describing the interest insured in the same way, instead of a mechanic's lien. The plaintiff accounts for the variance or misdescription charitably enough, upon the ground: first, of a mistake or oversight; secondly, upon the ground that the agent of the defendant (Littleton) considered the word mortgagee

sufficiently descriptive to cover the plaintiff's interest, which he knew to be a mechanic's lien, and so informed the plaintiff at the time, who accepted the policy with the understanding that his mechanic's lien was thereby covered, and would be protected.

Now the testimony, including that of Littleton, the agent of the defendant, not only sustains the above statement in its fullness of meaning, but the answer of defendant concedes specifically the truth of each allegation therein, save that the word mortgagee was used by mistake in describing plaintiff's interest in the property insured; whilst on the other hand, it is insisted and alleged, that it was used designedly to express what both parties understood at the time to be sufficient to cover or include a mechanic's lien. From this it will be observed, that the parties in their pleadings agree upon the points of the greatest materiality in this controversy, namely: that it was a mechanic's lien which was intended to be insured, and that the word mortgagee sufficiently described the same. But the evidence more fully shows at whose door this misdescription is to be placed. Littleton, the authorized agent to take risks and grant policies for and in behalf of the defendant, testifies, that it was a mechanic's lien which the plaintiff applied to have insured, and so stated the nature of his interest in the Lawrence block to be: the witness Littleton then suggested the word mortgagee, saying that it would cover his interest as the holder of a mechanic's lien, and he, the plaintiff, assented thereto.

Again, upon cross-examination, he says that he did not understand that it was the same as a mortgage, but had been informed that a mechanic's lien was considered, under our statute, as a mortgage in its legal effect, and therefore used the word mortgagee, supposing that it would cover a mechanic's lien interest. The plaintiff, Longhurst, testifies that he applied for a policy on a

mechanic's lien; that, when the policy sued was handed him, he observed that the interest insured was that of a mortgagee. He says he asked why it was done in that way. Littleton replied that a mechanic's lien and a mortgage meant the same thing, and was so considered by persons with whom he had talked on the subject, whereupon he, the witness, paid no further attention to it.

Now, in the face of these facts, the defense is, that the policy upon which the suit is brought does not cover a mechanic's lien, and, although such an interest was intended to be insured, yet it was mistakenly described as being the interest of a mortgagee, and, this being a mistake of law, cannot now be corrected.

Such a rule of law is a salutary one in a proper case, but it does not obtain under a state of facts, such as those disclosed in the case at bar. It is perfectly clear, from the evidence, that the party primarily and chiefly committing the mistake was the defendant, yet it is the defendant that sets up the defense of a mistake, seeking thereby to take advantage of its own ignorance of the law, whilst it is admitted that it was a mechanic's lien, which was, as a matter of fact, insured, and for which the premium was paid and received.

We learn from the evidence, that when the policy was handed to the plaintiff, he inquired why the interest of a mortgagee was described therein. He was, in effect, told and assured that a mortgage and a mechanic's lien were the same thing in the sense of the law of insurance. The plaintiff, supposing that Littleton, the agent, understood his business, and the proper forms of transacting the same, relied upon this statement and accepted the policy. Now, what is this but misplaced confidence on the one hand, and false information or misrepresentation on the other? Surely nothing else, and as such it falls without the rule relied upon by the defendants, or rather perhaps more

accurately speaking it falls within one of the exceptions to that rule.

Story in his work on Equity Jurisprudence, vol. 1, from pages 121 to 200 inclusive, discusses the general doctrine of mistakes of fact and law, and the exceptions or contradictions to the latter where courts of equity do afford relief. Among these are the cases where there is a total ignorance of title, founded in the mistake of a plain and settled principle of law, and in case of imposition, misrepresentation, undue influence, misplaced confidence and surprise.

We have shown from the evidence that this case comes unmistakably within some of these exceptions, and strikingly illustrates the impossibility of adhering to any fixed rule of law without regard to circumstances, if the object be to attain the ends of justice. This is a clear case of defective execution of the intent of the parties, from ignorance of law on the part of the defendant as to proper mode of describing in the policy the interest which the plaintiff had in the property, and which he desired to be insured.

In the case of *Evants* v. *Strode's adm'r*, 11 Ohio, 480, it was even held, that where an instrument fails to carry out the intention of the parties through a mistake of law, relief may be afforded by a court of equity. Again, in the case of *Drew* v. *Clarke*, Cooke, 374, it was laid down that a court of equity will relieve against the mistake of a party to a contract in a matter of law, where it is produced by the representations of the opposite party.

Without prolonging this discussion, or commenting on the ethics involved in the defense, considering the circumstances under which it is made, we feel that we must overrule the same.

Another objection to the plaintiff's recovery is, that

liquors were stored in the building insured, contrary to the terms of the policy. This objection is met with a denial and the evidence bearing upon it is conflicting, so that the question was submitted to the determination of a jury, which found against the defendant. In business circles the storing of goods has a well understood meaning; it is the act of depositing goods in a store or warehouse for safe keeping. The defense offered evidence tending to show such was the case in this instance. There was a firm by the name of Strain, Conley & Co., doing business in the Lawrence block. They had, in their store, the liquors referred to. The plaintiff's evidence tended to show that these liquors were not there for safe keeping, but kept as an article of sale and traffic. The burden of proof being upon the defendant, it was incumbent upon the company to establish this branch of the defense, by a preponderance of evidence. This, in the judgment of the court and jury below, was not done, and such is the inclination of our minds.

It is further insisted, as a matter of defense, that this suit was not brought within thirteen months next after the loss had occurred, and, therefore, not maintainable according to one of the conditions of the policy.

2. —— limitation: mechanic's lien.

In the case of *Stout* v. *The Fire Insurance Company of New Haven*, 12 Iowa, 371, we held, that it was competent for the parties to make such a condition to the contract of insurance, which in all ordinary cases would be enforced, unless incompatible with other parts of the contract. But in the case referred to, we also held, that such a limitation was inconsistent with the nature of the interest (being a mechanic's lien) insured, and therefore ineffectual to prevent a recovery, if diligence was employed to establish the value of the lien in the way prescribed by law. We still adhere to the correctness of that ruling, as furthering the ends of justice, while it is sound in principle.

The defendant, in granting a policy upon a mechanic's lien, admits that it is an insurable interest. And so this court held in the case of *Carter* v. *The Humboldt Fire Insurance Company*, 12 Iowa, 287. If, then, the company consent to grant a policy upon such an interest, they do so subject to the unavoidable delay in the judicial ascertainment of the value of that interest if a loss should occur.

If, with reasonable dilligence, that value cannot be legally ascertained in time to bring an action on the policy within a year from the date of the loss, then it follows (unless you wish to impute a dishonest purpose on the part of the company), that in granting such policy they intended to waive, in this class of insurable interest, the condition which limits the right of action on the policy to twelve months.

By putting this construction upon the contract of insurance, you preserve the upright intent of the company intact. Whereas if you put the other construction upon it, you, by implication, charge, or perhaps it would be better to say, judicially determine, that the company granted a policy for a valuable consideration paid, which at the time, they had reason to believe, would be no risk to them and no protection to the insured, and thereby obtained money for themselves under false pretenses. True charity thinketh no evil. It is therefore right for us to presume, that it was the honest intent of the company, to insure the plaintiff's mechanic's lien upon the premises specified, against loss by fire, and upon the other hand, that it was the expectation of the insured, in paying the required premium, that his policy would cover the loss and give him the requisite protection. It is the business of the court in construing the contract, to give effect, if possible, to the real intent and expectations of the parties. That can be done only in this case, by holding that the fifteenth condition of the policy under discussion, is not applicable to this particular class of

insurable interest, and that when the defendant consented to take risks of this kind, it either intended to waive the limitation, or have it to commence running from the date that the value of the mechanic's lien should be judicially ascertained.

We need only say, additionally, that in this case the evidence shows that when applied to, the defendant refused to settle and pay the loss, or do anything in the matter, until the value of the plaintiff's mechanic's lien on the Lawrence block was determined by the judgment of the court, and that this did not occur for near eighteen months after the fire, although admitted by the parties that the suit was prosecuted with all due diligence. It is proper to state in conclusion, that Justices DILLON and COLE place their assent to this disposition of the case on this point, upon the ground of the former settlement of it in the case of *Stout* v. *The Fire Insurance Company of New Haven, supra*, and that WRIGHT, Ch. J., still dissents, as in the case just referred to.

Affirmed.