[Civ. No. 2269. First Appellate District.—December 13, 1917.]

T. J. GINTJEE, Respondent, v. A. KNIELING and GUARDIAN CASUALTY AND GUARANTY COMPANY, Defendants; GUARDIAN CASUALTY AND GUARANTY COMPANY, Appellant.

BUILDING CONTRACTOR'S BOND—ACTION BY OWNER—TIME — CONSTRUCTION OF INSTRUMENT.—The provision of a building contractor's bond that any suit brought thereon to recover any claims thereunder must be instituted within the time allowed by law for instituting a suit to enforce a lien claim does not require the owner to bring his suit on the bond on account of the contractor's default, within such time, since the owner could not know the extent of his detriment until after the expiration of the time for the commencement of actions by lien claimants.

ID.—PREMATURE PAYMENT—FINDING ON CONFLICTING EVIDENCE—APPEAL. Where in an action on a building contractor's bond the evidence is conflicting as to the defense that the first payment by the owner to the contractor was prematurely made, the finding of the trial court on the issue will not be disturbed on appeal.

APPEAL from a judgment of the. Superior Court of the City and County of San Francisco, and from an order denying a new trial.   Geo. E. Crothers, Judge.

The facts are stated in the opinion of the court.

S. Laz. Lansburgh, for Appellant.

Brittain & Kuhl, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of plaintiff and from an order denying a new trial in an action upon a building contractor's bond.

The plaintiff and the defendant Knieling entered into a written contract for the erection by the latter of a building upon the plaintiff's lot.   The Guardian Casualty and Guaranty Company, appellant herein, became the surety upon the said contractor's bond.   The first payment of $2,850 under the terms of the contract was to be made when the second floor joists were in place.   The contractor proceeded with the erection of the building until November 28, 1913, upon which date the architect having given his certificate that the second floor joists were in place, the plaintiff made said first payment of $2,850 to the contractor as provided in the contract. The contractor immediately thereafter abandoned the contract.   On January 14, 1914, the owner filed in the record's office notice of the contractor's cessation of labor and abandonment of the contract.   On June 2, 1914, the plaintiff commenced this action to recover upon the contractor's bond.

Two defenses were urged at the trial and are insisted upon on this appeal.   These are, first, that the action was not commenced in time; and, second, that the plaintiff's said payment of $2,850 to the contractor was premature for the reason that the second floor joists were in fact not in place at the time such payment was made.   The first of these defenses depends for its validity upon a construction of the terms of the bond upon which this suit is brought.   This bond was given in compliance with the provisions of the mechanic's lien laws in force at the time of the making and execution of the contract in question, and while it ran primarily in favor of the plaintiff as the owner of the premises, it also expressly stated, as the law required that it should inure to the benefit

of any and all persons performing labor upon or furnishing materials to be used in the work to be done under the contract so as to give such persons a right of action on the bond in any suit to foreclose their liens for such materials or labor, or in a separate action brought upon the bond. It then proceeds to use the following language: "That any suit brought on this bond to recover any claims hereunder must be instituted within the time allowed by law for instituting a suit to enforce a lien claim." It is the contention of the appellant that the provision of the bond last above quoted applies to every action to be brought on this bond whether by the owner or by lien claimants for materials or labor, and that as to all such actions they must have been commenced within the time for instituting suits to enforce lien claims, and hence, according to the appellant's said contention, this action by the owner, having admittedly been commenced after the statutory period for instituting actions upon lien claims against the plaintiffs' property had expired, it cannot be maintained. The respondent, on the other hand, insists that the clause in the bond above quoted cannot be held to apply to an action by the owner to enforce the obligation of the bond, but that it is only to be given application to actions upon the claims of materialmen and laborers; that otherwise the phrase "to recover any claims hereunder" in said clause of the bond would be superfluous and meaningless; and that in any event such a clause in the contractor's bond would be impossible and unreasonable in its application to the owner's right of action, for the reason chiefly that the extent of his right of recovery upon the bond could not be ascertainable until after the time for the commencement of actions by lien claimants had expired, by which time, according to the appellant's contention, the owner's action would be too late.

We are of the opinion that the respondent's contention in both the foregoing respects must be sustained.

The condition of the bond in question, in so far as it refers to the obligation of its surety to the owner, is that its principal, the contractor, shall faithfully perform his contract, and shall also pay in full the claims of all persons performing labor upon or furnishing materials to be used in the required work. It is obvious that no limitation of the time within which the owner must begin his action would be reasonable which should attempt to limit the owner's right of action to the same time within which lien claimants must begin their suits.

for the sufficient reason that the owner could not know the extent of his detriment until either such actions had been commenced, or until the statutory time within which they were required to be commenced had fully expired. The construction of the clause of the bond in question for which the appellant contends would therefore, in our opinion, render it, as applied to the owner, unreasonable, and therefore void. (*Fitger Brewing Co.* v. *American Bonding Co.*, 127 Minn. 330, [149 N. W. 539]; *Pacific Mut. Life Ins. Co.* v. *Adams,* 27 Okl. 496, [112 Pac. 1026].)

We do not feel, however, that we are required to give the clause in this bond under review such a construction, but rather to construe it by its own express terms as limited to actions to recover such claims thereunder as might be brought by lien claimants, and which would thus properly confine such litigants to the statutory limit for commencing suits for the enforcement of their lien claims.

As to the second contention of the appellant, to the effect that the first payment by the owner to the contractor was prematurely made, we find it to be without merit, for the reason that upon the issue as to whether or not the second floor joists were in place at the time such payment was made the evidence is substantially conflicting, and hence the finding of the trial court in plaintiff's favor upon that issue will not be disturbed upon appeal.

We also find no merit in the appellant's contention that the court erred in admitting in evidence the specifications for the purpose of showing that the architect's certificate as to the second floor joists being in position was binding upon the contractor, and hence upon the appellant, for the twofold reason that the specifications were expressly made a part of the contract, and for that reason were admissible for all purposes; and also that there being sufficient evidence otherwise to justify the trial court in its finding that the second floor joists were actually in position at the time said first payment was made, the error, had the court made any, in its admission of the specifications in evidence would have been harmless.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 11, 1918.