C. C. Cook et al., Appellees, v. Andrew Boyd Heinbaugh, Appellee; United States Fidelity & Guaranty Company, Appellant.

**LIMITATION OF ACTIONS:** Contract Limitation—Unreasonableness.
1   A contract provision in an indemnity bond which requires the obligee to begin suit thereon before the amount of his recovery on the bond is determinable, is unreasonable, and therefore nonenforcible. In such case, the general statute which limits actions applies. So held as to a building performance bond which involved mechanics' liens. (See Book of Anno., Vol. 1, Sec. 11007, Anno. 136 *et seq.*)

**INSURANCE:** Avoidance of Policy—False Statement as to Responsibility.
2   An insured may not recover on an indemnity bond which is given for the performance of a building contract when, in or in connection with the application for the bond, he willfully gives the insurer a false statement relative to the contractor's financial responsibility, and the insurer innocently relies thereon. This is especially true when the insured is, at the time, acting as the agent of the insurer. (See Book of Anno., Vol. 1, Sec. 9018, Anno. 46 *et seq.*)

Headnote 1:  37 C. J. pp. 728, 729 (Anno.)  Headnote 2:  26 C. J. p. 1187;  28 C. J. p. 1041.

Headnote 1:  14 R. C. L. 1417.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

SEPTEMBER 21, 1926.

REHEARING DENIED DECEMBER 16, 1926.

Action to recover on a fidelity and guaranty bond issued by the defendant guaranty company, insuring the performance of a contract made between Heinbaugh and plaintiffs for the construction of a residence in the city of Cedar Rapids. From a directed verdict in favor of plaintiffs, the defendant guaranty company appeals.—*Reversed.*

*Deacon, Sargent & Spangler,* for appellant.

*Johnson, Donnelly & Lynch,* for appellees.

ALBERT, J.—Heinbaugh made a contract with Cook and the Grande Avenue Land Company, by which he was to furnish material for the construction of a residence for the sum of $5,050. To guarantee the performance of his contract, he furnished to them the bond of the United States Fidelity & Guaranty Company. Among the provisions of said bond is the following:

"In no event shall the surety be * * * subject to any suit, action or proceeding thereon, that is instituted later than the first day of September, A. D. 1923."

Heinbaugh defaulted on his contract, and the building was not completed by July 1st, as therein provided: it was not, in fact, completed until after the middle of August, 1923. This action was commenced on the 30th of July, 1924, which gives rise to the first question argued, to wit, that the action, not having been commenced before the first day of September, is not now maintainable.

We have recognized the rule in this state that, notwithstanding the general statute of limitation, parties to a contract may stipulate to a shorter limitation than that provided by the

statute, and such an agreement, generally speaking, supersedes the statute and binds the parties. *Harrison v. Hartford Fire Ins. Co.*, 102 Iowa 112, and cases there cited. We do not care to disturb this general rule, but, like all general rules, it has its limitations. While the legislature has the right to enact statutes of limitation, and its pronouncement therein is usually conclusive, yet even the power of the legislature in this respect is limited, or subject to the fundamental condition that a reasonable time shall be allowed for the exercise of the right of action. See 12 Corpus Juris 978, Section 574, where a wealth of authority is cited on this proposition. An elaborate discussion of this question may be found in a decision from the United States circuit court of appeals, *Lamb v. Powder River Live Stock Co.*, 65 C. C. A. 570 (132 Fed. 434), where it is said:

1. LIMITATION: OF ACTIONS: contract limitation: unreasonableness.

"But the power to enact such statutes is subject to the fundamental condition that a reasonable time must be given for the exercise of the right of action, whether existing or prospective, after it comes within the prospective or present operation of the statute, and before the bar becomes effective."

We are of the opinion that the right and power of the parties to a private contract is limited in the same way, to wit: that the time provided must be a reasonable time, in the light of the surrounding circumstances, facts, and nature of the contract, and its purpose. In 1 Wood on Limitations (4th Ed.), Section 42, it is said:

"Parties to a contract may, by an express provision therein, provide another and different period of limitation from that provided by statute, and that such limitation, if reasonable, will be binding and obligatory upon the parties."

Throwing light on this subject are *Longhurst v. Star Ins. Co.*, 19 Iowa 364; *Gintjee v. Knieling*, 35 Cal. App. 563 (170 Pac. 641); *Sheard v. United States Fid. & Guar. Co.*, 58 Wash. 29 (107 Pac. 1024); *Columbia Sec. Co. v. Aetna Acc. & L. Co.*, 108 Wash. 116 (183 Pac. 137); *Pacific Mut. Life Ins. Co. v. Adams*, 27 Okla. 496 (112 Pac. 1026).

Turning now to the building contract existing between the appellees and Heinbaugh, we note that the contract provides that the building shall be completed by July 1, 1923; but time is not made the essence of the contract by any provision therein.

Under Section 10278, Code of 1924, all of Heinbaugh's subcontractors had sixty days after the completion of the contract in which to file mechanic's liens. During that time it would ordinarily be uncertain as to just what outstanding claims there might be which would be the subject of mechanic's liens, and it would not be safe for the owner to make payment until the time had expired for filing mechanic's liens. After the time had expired for filing mechanic's liens, the owner would be bound to pay such lien holders before he could maintain the action on this bond. *New England Equitable Ins. Co. v. Boldrick*, 192 Iowa 763; *Cousins v. Paxton & Gallagher Co.*, 122 Iowa 465; *Wilson v. Smith*, 23 Iowa 252. It is quite apparent from this situation that, until the expiration of sixty days for filing mechanic's liens, it would be uncertain what the owner would have to pay out on account of Heinbaugh's breach of contract; therefore, it would have been impossible for him to have commenced his action on this bond "not later than September 1st."

We have also held that, as against a limitation of this kind in an insurance policy, such limitation does not operate against outstanding mechanic's liens until the amount due on said mechanic's liens is determined. *Stout v. City Fire Ins. Co.*, 12 Iowa 371; *Longhurst v. Star Ins. Co.*, supra; *Ellis v. Council Bluffs Ins. Co.*, 64 Iowa 507. We hold, therefore, that, under the facts in this case, the limitation provided in the bond was unreasonable, and therefore void. This being so, the general statute of limitations would apply; and as the action was brought within the time provided by the general statute of limitations, it is validly maintained.

However, appellant company insists that the foregoing rule should not apply because of the fact that, on the 30th day of August, Cook phoned the company and asked for an extension of time, and the company sent him a written extension of time providing that action might be brought up to the 15th day of October.

The owner was not in any better position on the 15th day of October, to determine the exact amount of loss he would suffer under this contract, than he was on the first day of September. We find nothing available to the appellant on this contention.

To a fair understanding of the questions raised herein, a general review of the fact situation is necessary. Malcolm V. Bolton conducted a general insurance business, under the trade name of Malcolm V. Bolton & Company, in the city of Cedar Rapids at the time involved herein. C. C. Cook, the appellee, was in the employ of that company, as manager of the insurance department. At this time, Bolton & Company were local representatives or agents of appellant Fidelity & Guaranty Company. Cook had bought a lot from the Grande Avenue Land Company, of which Bolton was secretary and sales agent, on which he proposed to build a dwelling house. He let a contract to Heinbaugh to furnish the material and construct the building under certain plans and specifications, which are not now material. To secure the performance of this contract by Heinbaugh, an application was made to the appellant guaranty company for a bond. Cook filled out the application, and Heinbaugh signed the same. The bond issued thereon is the bond in suit herein. On the back of said application there was a blank form, headed "Statement of Agent," and therein was written the following:

2. INSURANCE: avoidance of policy: false statement as to responsibility.

"Andrew Boyd Heinbaugh has a reputation in Cedar Rapids as a builder of good residences, and discounts his bills for material. [Signed] C. C. Cook, Agent."

In Division 2 of appellant's answer the above facts were pleaded, and a copy of said statement by the agent was set out. It was alleged that this statement, so far as it refers to the financial condition of Heinbaugh, was untrue; that it was so known to Cook at the time he made it; that appellant relied on the statements, conditions, and representations made by Cook, and thereupon executed said bond; that by reason of said matters the bond is void. Appellant offered testimony tending to support the defense thus set up in Division 2. Objection thereto was sustained on the ground that a copy of this statement was not attached to the policy issued, and that therefore, under the statute, a defense based thereon was not available to appellant. Later, the defense herein set up was, on motion of the appellee, withdrawn from the jury. It is urged on us that this ruling by the court was erroneous.

Assuming, without deciding, that said written statement was

in fact a part of the application, within the meaning of the statute, we are of the opinion that this evidence was admissible, and, as it tends to support the allegations of Division 2 of the answer, should not have been withdrawn from the jury. The division referred to seems to us to have more in it than the simple question of whether or not the written statement was a part of the application. It is to be remembered that Cook, who signed said statement, is one of the beneficiaries under the policy. Narrowing it down, we have this situation: Prior to the issuance of the policy, Cook made the written statement as a part of the inducement to its issuance. While, generally speaking, it may be true that, under these circumstances, a beneficiary will not be defeated by reason of concealment of facts or conditions which would have prevented the issuance of the policy, had the fidelity company known of them, yet it is a duty owed by one who expects to be the beneficiary under a policy to deal fairly and frankly with the company, when called upon with reference to circumstances material to the matters involved.

This principle being applied to this case, Cook could have kept silent as to the financial distress of Heinbaugh, if such existed and was known to Cook at the time, and not suffered thereby; but where, on request of a surety, the beneficiary attempts to advise the surety as to the financial condition of the principal, he must do so fairly and in good faith. This is the settled law of this state. *Bank of Monroe v. Anderson Bros. M. & R. Co.*, 65 Iowa 692; *Benton County Sav. Bank v. Boddicker*, 105 Iowa 548; *Lingenfelter Bros. v. Bowman*, 156 Iowa 649; *Barnes v. Century Sav. Bank*, 149 Iowa 367. The rule is summarized in the *Boddicker* case, where it is said:

"If the surety applies to the creditor for information respecting the principal which the creditor has, and may properly give, but which he withholds without sufficient cause, or if he knowingly give false information, he, and not the surety, should suffer the loss occasioned by the wrong."

Cook filled out the blank on the application; and, whether it be considered a part of the application or not, it is a written statement from him, and he is bound thereby. If the appellant is able to prove the untruthfulness thereof, and that it believed, acted, and relied thereon in issuing the policy, and from the

facts thus proven a scienter may be presumed, it has made out a defense for the consideration of the jury.

It is further urged that the company cannot rely on this defense of fraud because it did not tender a return of the premium until 18 months after it discovered the condition. This contention is not available to the appellee herein. He is not the party who paid the premium, and, if it were tendered or paid back, it would be payable to Heinbaugh, and not to the appellee; but, regardless of this, tender was made, and that is all that the law requires.

For the errors above pointed out, the case is reversed.— *Reversed*.

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.