Tappan, J.
The plaintiffs were, in June, 1880, appointed by this court trustees under the will of Henry L. Webb, deceased, in place of Richard Van Rensselaer, the last surviving trustee under said will.
George B. Bixby, the defendant’s testator, on or about the 17th day of September, 1880, duly executed and delivered to the defendant, William Slocum, his promissory note in writing, whereby twelve months after date he promised to pay William Slocum, or order, $8,000 for value received, at the office of Hand & Hale, Albany, N. Y., with interest payable semi-annually from date. On the same day said note was by the defendant, William Slocum, duly endorsed and transferred to the plaintiffs, and by such endorsement made payable to the order of said plaintiffs, waiving demand and notice of protest.
The principal of such note, with interest from September 17, 1890, remains unpaid, and plaintiffs are concededly entitled to recover the same against defendants, the personal representatives of George B. Bixby, unless such recovery is barred by the statute of limitations.
George B. Bixby died on the 12th day of August, 1887, leaving a last will and testament, whereby the defendants Fannie Brennan and John B. Bixby were duly appointed executrix and executor of said will.
Said will was presented for probate to the surrogate of the county of Saratoga, of which county the- said George B. Bixby was a resident at the time of his death, on the 27th day of September, 1887.
The probate of the said will was contested by the heirs at law of the said George B. Bixby, deceased, but the same was admitted to probate and letters testamentary thereon issued to the defendants on the 23d day of March, 1889 ; and no letters testamentary or of administration were issued until that day.
The summons in this action was delivered to and received by the sheriff of Saratoga county, where the defendant Fannie Brennan then resided and still resides, and to the sheriff of Wayne county, where the defendant John H. Bixby then resided and still resides, on the 21st day of March, 1890, with the intent that it should be served upon said defendants respectively, and such summons was actually and personally served on the defendants on or about the 15th day of April, 1890.
Hpon these facts it appears that the right of action upon the note accrued to the plaintiffs at the end of twelve months and three days from the date of the note, viz.: on September 21, 1881, and had George B. Bixby lived the last day on which an action could have been sustained against him would have been Sep *779 tember 21, 1887. Code Civ. Pro., §§ 380, 382, 403; Smith v. Aylesworth, 40 Barb., 104; Oothout v. Ballard, 41 id., 33.
The period of eighteen months after the death of George B. Bixby was no part of the time limited for the commencement of the action. Code Civ. Pro., § 403.
The eighteen months are calendar months, next succeeding the end of the six years limitation.
The period of eighteen months expired March 21, 1889.
Letters testamentary were issued to the defendants March 23, 1889; not six months before the expiration of the time to bring the action, but two days after that time.
The provisions of the last part of that section, that if letters testamentary or of administration have not issued at least six months before the expiration of the time to bring the action, as extended by that section, the term of one year after such letters are issued is not a part of the time limited for the commencement of said action, would seem to apply; but this court at general term in Chapman v. Fonda, 24 Hun, 130, has held that where the full period of limitation had expired before such letters issued, such provision had no application.
For the purposes of the statute of limitation, the action will be deemed to have been commenced on March 21, 1890, when the summons was delivered to the sheriffs, with intent to have the same served, such service having been actually made within sixty days thereafter. Code of Civil Procedure, § 399.
From the time of the death of George B. Bixby, August 12, 1887, until letters testamentary were issued upon his will, March 23, 1889, there was no person in being against whom plaintiffs could have brought suit to enforce their claim upon their note against his estate ; this was in effect a statutory prohibition and such time was no part of the time limited for the commencement of an action. Code Civ. Pro., § 406. Mead v. Jenkins et al., 95 N. Y., 31; Brehm v. Mayor, etc., 104 id., 186; 5 St. Rep., 661; Church v. Olendorf 49 Hun, 439-444; 19 St. Rep., 700.
It is no answer to this view to say that plaintiffs might have applied for a temporary administrator under § 2668, Code of Civil Procedure.
They could not procure such appointment as a matter of right. It is expressly made dependent on the discretion of the surrogate.
The law did not require them to make the application under penalty of losing their debt.
The payment by Slocum with Bixby’s.money is not proven to have been with the authority of the latter.
Plaintiffs do not contend that this authority is shown except by averment in the answer which they insist should be construed as an admission of such authority. Such averment is upon information and belief, and for that reason alone should not be construed to be an admission of the fact thus averred against the defendants, personal representatives, who have no actual knowledge. Mayor v. Fay, 53 Hun, 553; 25 St. Rep., 840.
Again, if the admission was absolute and unqualified in its form, it would have to be read together at least so far as it *780 tends to discharge the defendants from liability when detached parts would tend to fix liability upon them. Goodyear v. De La Vergne, 10 Hun, 537; Gildersleeve v. London, 73 N. Y., 609.
The allegation in the answer and the proof given at the trial are not sufficient to show that Slocum made the payment of interest upon the note by the direction or authority of Bixby, or that Bixby eyer approved of such payment.
Such payment did not operate to affect the running of the statute of limitations against Bixby or his personal representatives, the defendants.
Costs against the defendants can be allowed only on the special order of the court.
The question of costs does not properly come up on the decision of the case.
The right to costs depends upon the facts not within the issues made by the pleadings, which can be properly shown by affidavits on special motion. 3 Wait’s Practice, 535, and cases there cited; Baylies’ Trial Practice, 384, 385.
The plaintiffs are entitled to judgment against the defendants, executors, etc., for three thousand dollars ($3,000), with interest from September 17,1890, also against defendant William Slocum for the same amount.
Judgment is ordered accordingly.
J. W. Houghton, for app’lts; Hale & Bulkeley, for resp’ts.
Judgment affirmed on opinion of the court below.
Máyham, P. J., Putnam and Herrick, JJ., concur.