ADAMS, J.
(dissenting).—The policy of insurance upon which this action is founded, and which is known as a “ standard policy,” contains, in addition to the usual requirement that proofs of loss shall be furnished within 60 days after the fire, the following provision:
“Ho suit or action on this policy for the recovery of any claim shall be maintainable in any court of law or equity until after the full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months after the fire.”
It is not claimed that there has been a literal compliance with these requirements, and consequently, at first blush, it would seem that the plaintiff must fail in his action; but this, as well as every other provision in a contract of insurance, is subject to a construction which shall be both just and reasonable, and which shall reflect common sense as well as good judgment. It is an indisputed fact in this case that the fire which destroyed the property insured did not occur until nearly five months after the death of the owner, Mrs. Silvernail. Prior to the fire the plaintiff, who was the executor named in Mrs. Silvernail’s will, duly filed the usual petition, asking that such will might be admitted to probate and letters testamentary thereon issued to him. A contest on the part of some of the heirs at law resulted, and it was not until some two years thereafter that probate was granted and letters were issued ; and within the 60 days ensuing the plaintiff, as such executor, verified and filed the proper proofs of loss, which were received and retained by the defendant without objection of any kind. Failing to obtain any adjustment of the loss sustained, the plaintiff brought this action, after waiting a reasonable length of time ; and this, it seems to me, was, in the circumstances of the case, a sufficient compliance with the requirements of the condition over which this controversy arises. The law, in its interpretation of contracts, does not require impossibilities, and in this case I fail to see how the condition in question could have been complied with within the period of time fixed *724 by the contract of the parties for either filing proofs of loss, or bringing an action upon the policy, because, owing to the death of the insured, there was no person in existence during the year following the fire who had any legal right to file such proofs or maintain the action. Ang. Ins. 403, § 389; Wyman v. Prosser, 36 Barb. 368. In view of the rule established by the authorities just cited, and which has been frequently recognized and approved by the courts, it will hardly be contended, I think, that any person other than the legal represéntatives of the insured would have had any standing in court to maintain an action for the loss sustained; and while it is possible that a temporary administrator might have been appointed, within the period specified in the contract, to bring such an action, the parties interested in the decedent’s estate were not entitled to such an appointment as a matter of right, and there is excellent authority for saying that they were not bound to make the application as a condition' of obtaining the amount covered by the policy. Hall v. Brennan, 64 Hun, 394; 46 S. R. 777; affirmed 140 N Y. 409; 55 S. R 792. It is no answer to this proposition t'o say that it would enable the representatives of a deceased party to delay the bringing of an action upon a policy of insurance indefinitely; for, when the element of laches is injected into an action, it would, of course, come within the operation of a very different rule. No case has been called to our attention which decides the precise question here raised,—that is, one which arises upon the same state of facts,—but, as I read them, the books are full of cases where a party has been excused from a literal performance of the terms of his contract where he was prevented from performing the same by circumstances beyond his control. The case of Semines v. insurance Co., 13 Wall. 158, is perhaps as nearly analogous as any which may be cited. This was an action upon a policy of insurance containing a provision similar to the one in suit, and the plaintiff was prevented by reason of the Civil War from bringing an action thereon within the time limited; and this was held to be a sufficient reason for non-compliance, the court (Mr. Justice Miller) saying :
“ The defendant has made its own special and hard provision on that subject. * * * We have no doubt that the disability to sue imposed on the plaintiff by the war relieves him. from the consequences of failing to bring suit within twelve months after the loss, because it rendered a compliance with that condition impossible. * * "x" That part of the contract therefore presents no bar to the plaintiff’s right to recover.”
The case of Longhurst v. Insurance Co., 19 Iowa, 367, was one where the policy in question was intended to protect a mechanic’s lien, and it contained a provision which limited the time within wrhich any action thereon must be brought. The action was not brought within such limitation, but .the court held that this fact was no bar, because the limitation was in *725 consistent with the nature of the interest insured, and therefore ineffectual to prevent a recovery if diligence was emSloyed to establish the loss in the way prescribed by law. In Bumstead v. Insurance Co., 12 N. Y. 81, the policy in suit contained a condition that the insured, in case of loss or damage, should, as a condition precedent to a recovery, Avithin 30 days deliver to the insurer a particular account of the loss or damage, verified by his oath, and, if required, by his books and vouchers, together with an inventory of the property destroyed or damaged, giving the amount of damage to each item, verified by his oath. The insured Avas unable to comply AA'ith this requirement, by reason of the fact that the papers and other data from which a statement of the nature required could have been made Avere consumed in the fire. And the court held that the action might be maintained, and that such conditions Avere construed as requiring only as full and accurate an inventory and statement as the party, without fraud or fault on his part, Avas able to furnish. This case is also an authority for the proposition that Avhere an insurance company receives proofs of loss which do not comply with the requirements of the policy, Avithout objecting to their form or time of service, and declines to pay the loss, Avithout placing the refusal upon such non-compliance, its action amounts to a waiver of any objection AAdiich may have existed by reason of such non-compliance. In 0’¡Neill v. Association, 63 Hun, 292, 43 S. B. 761, Avhich Avas an action brought to recover upon a policy of life insurance Avhich contained a condition requiring the plaintiff to furnish a certificate of the death of the insured, by his attending physician, and no such certificate was furnished, for the reason that the attending physician declined to make the certificate until his bill for sendees to the deceased Avas paid, it was held that this was a sufficient reason for not requiring a full compliance Avith the condition of the policy as a pre-requisite to maintaining the action. But, without citing additional authorities in support of this particular aspect of the case, it is sufficient to say that, in the vícav' which 1 take of this question, the fair and reasonable construction AA'hich ought to be given to the provisions of the policy in suit, which relate to the filing of proofs of loss, and the commencement of any action to recover such loss, is that the time limited for taking either of these steps did not begin to run until there Avas some person in existence who might furnish the proofs or bring the action. And this view, it seems to me, is, in principle, supported by the case of Trippe v. Society, 140 N. Y. 23 ; 55 S. R. 380. As opposed to this view- of the question, the case of Wilkinson v. Insurance Co., 72 N. Y. 499, is cited. This was a case where it Avas claimed that the insured Avere prevented from bringing their action upon the policy, within the time limited therein, in consequence of an injunction issued at the suit of a third person against one of the parties to the contract, and it is stated in the syllabus of the *726 case that this condition of affairs was not sufficient to relieve a party for non-compliance with the condition. But it will be observed, by a careful reading of Judge Andrews’ opinion, that the decision of the case rests upon the fact that the injunction did not restrain the commencement of the action, but only enjoined the insured from receiving the insurance money from the company, and that it also appeared that, even if the bringing of the action had been enjoined, the court would, upon proper application, have modified the order so as to have enabled the insured to comply with the condition of his policy, and that he was consequently guilty of laches for omitting to make such application. I do not see, therefore, that the principle established in this case is in conflict with the views hereinbefore expressed. Nor is it impossible to distinguish the case at bar from that of Wheeler v. Insurance Co., 82 N. Y. 543. The policy in the latter case contained a clause by which the insured forfeited his interest therein, in the event of the non-payment of any premium when due; and it was held that the insanity of the insured was no excuse for such nonpayment, and did not effect a waiver of the forfeiture, because it was not necessarily an obstacle to the performance of the condition. And the case is an express authority for the proposition that, where the condition in a contract of life insurance is incapable of performance, no forfeiture results.
The learned counsel for the defendant makes some point upon what he is pleased to term the “ laches ” of the plaintiff in bringing his action, or in obtaining leave to bring the same, and insists that by reason of such laches he ought to be deprived of the right to invoke the aid of the principle which the authorities, in my view of the case, seem to establish. But there are at least two perfect answers to this contention upon his part. In the first place, no such defense is set up in the answer, and the evidence of laches upon the part of the plaintiff is, at the most, exceedingly nebulous in its character ; and, in the second place, if it were much stronger than it is, it would simply have presented a question of fact for the jury, and the learned counsel expressly stated upon the trial that there was no question of fact in the case which he desired to have submitted to the jury. The courts of this state have been inclined to construe the provisions contained in policies of insurance favorably to the insured. In Norton v. Insurance Co., 7 Cow. 649, Savage, C. J., says :
“ The clause requiring proof of marine losses has been construed with considerable liberality. The courts have looked to the circumstances, and required no more information of the party than what appeared to be within his control.”
The same liberal construction was in that case extended to a fire policy. And the language just quoted has met with approval in our court of last resort. Bumstead v. Insurance Co., supra. If, however, it is contended that this tendency to liberal construction is obviated by the legislative enactment re *727 quiring all insurance companies to adopt a standard and uniform policy, the answer is that policies thus formulated do contain provisions which are somewhat harsh and severe in their requirements of the insured, and when such provisions involve a forfeiture they ought still to receive a strict construction, even though they may conform to a fixed “ standard.” Griffey v. Insurance Co., 100 N. Y. 417; McNally v. Insurance Co., 137 N. Y. 398; 50 S. R 680; Davis v. Insurance Co., 7 App. Div. 488; 40 N. Y. Supp. 248. And- especially is this true of conditions relating to matters after the loss which are designed to define the manner in which accrued loss is to be established, adjusted, and recovered. See opinion of O’Brien, J., in McNally’s Case, 137 N. Y. 398; 50 S. R 680.
The conclusion of the matter, therefore, in my view of the case, is that the performance of the condition containéd in the policy was rendered practically impossible by reason of the death of the insured, that its non-performance was without any fault or laches upon the part of the plaintiff, and that, consequently, his failure to comply with such condition does not work a forfeiture of the policy, nor does it operate as a bar to this action. And this view of the case constrains me to dissent from that entertained by a majority of my brethren.