WARD, J.
(dissenting).—This is an action to recover upon a standard policy of insurance issued to Caroline Silvernail, a resident of Steuben County, N. Y., by the defendant, an insurance company in St. Louis, Mo., insuring some farm buildings “ against all direct loss or damage by fire,” in an amount specified, for the period of three years. The policy was issued August 1, 1889. The assured died December 2, 1891. A fire occurred April 20, 1892, destroying a barn, shed, and produce insured, which it was stipulated on the trial was worth the sum of $612, for which the same was insured. The insured left a will in which she appointed the plaintiff as her executor. The plaintiff proceeded in the surrogate’s court to obtain probate of the will, which was contested by certain parties to the proceedings, and the will was not admitted to probate, in consequence thereof, until May, 1894, during which month letters testamentary were issued to the plaintiff. After the letters were issued, and on May 21, 1894, an attorney for the plaintiff communicated by letter with the defendant the claim of the plaintiff in this action, stating that before the loss Mrs. Silvernail had died; that there had been a contest over the will, which had just been admitted to probate,—and requested that the matter be paid at the earliest practicable date, and that he hear from the defendant on the subject. No attention was paid to this letter, and the plaintiff prepared proofs of loss as required by the policy, which were mailed to and received by the defendant in July following. No attention was paid to these proofs of loss, nor were they returned or objected to. The proofs of loss were mailed before the expiration of the 60 *728 days from the time of the issuing of letters testamentary. This action was commenced October 29, 1894.
The chief contention of the defendant herein is that, the short limitation prescribed in the policy having long since expired, the plaintiff cannot recover. The clause in the policy upon that subject is as follows :
“No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the lire.”
“ The foregoing requirements ” are the usual- conditions in fire insurance policies, providing for giving notice of the fire, separating the damaged and undamaged property, putting it in good order, making an inventory, and within 60 clays after the fire furnishing proofs of loss ; and also the insured to submit to examination under oath, produce books of account, vouchers, etc.; and in the event of disagreement the loss to be ascertained by appraisers; and then “ the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss, herein required, have been received by this company, "including an award by appraisers, when appraisal has been required.” The result of this position is that notwithstanding the fact of the death of the-assured, and that she had no legal representative to bring this action or furnish proofs of loss until within six months before-this action was commenced, and although the claim is just in every respect, the plaintiff, cannot recover. A proposition so-startling and unjust may well challenge the most careful examination, to ascertain whether the law is so lame and impotent as to sanction this conclusion. .The short limitation prescribed in the policy never began to run until the executor of Mrs. Silvernail was duly appointed. This is not a case where the statute began to run, and then its operation was suspended. The law on this subject is thus laid down by Judge Allen in Sanford v. Sanford, 62 N. Y. 555 :
“ It is directly adjudged that the statute does not commence to run against the representatives of a deceased creditor upon an obligation incurred or debt becoming due after his decease until administration is granted upon his estate, there being no cause of action until there is a party capable of suing. Murray v. East India Co., 5 Barn & Aid. 204; Bucklin v. Ford, 5 Barb. 393; Cary v. Stephenson, 2 Salk. 421. In order to put the statute in motion, there must not only be a person in esse to sue, but a person to be sued. Davis v. Garr, 6 N. Y. 124; Levering v. Rittenhouse, 4 Whart. 130, per Nelson, J.; Wehman v. Insurance Co., 12 Wend. 267; Jolliffe v. Pitt, 2 Vern. 694; Douglas v. Forrest, 4 Bing. 686; Benjamin v. De Groot, 1 Denio, 155.”
—To which may be added Richards v. Insurance Co., 8 Cranch, 84; Dunning v. Bank, 6 Bans. 296; Pendleton v. Pendleton, 6 *729 Bush, 469; Word v. West, 38 Ark. 243; Hall v. Brennan, 64 Hun, 396 ; 46 S. R. 777. And the obvious reason of this rule is that there is no one to bring the action, and therefore an action is an impossibility, and the law never requires impossibilities of' finite beings. Semines v. Insurance Co., 13 Wall. 158, in which case the insured was unable to comply with the 12-months limitation in bringing an action on the policy, on account of the Civil War, and the court held that the insured was excused because the war rendered his bringing an action impossible. O’Heil v. Association, 63 Hun, 292; 43 S. R. 761; Trippe v. Society, 140 N. Y. 26; 35 N. E. 316; O’Brien v. Insurance Co., 63 N. Y. 113; Bumstead v. Insurance Co., 12 N. Y. 92; Longhurst v. Insurance Co., 19 Iowa, 364. But it is claimed that the cases cited refer only to general statutes of limitations, and not to special statutes, or to limitations created by contract; and section 414 of the Code of Civil Procedure is cited, which is as follows:
“ Sec. 414. The provisions of this chapter apply, and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases: (1) Where a different limitation is specially prescribed by law or a shorter limitation is prescribed by the written contract of the parties.”
And it is argued that this excludes the cases just mentioned entirely from the operation of the chapter of the Code on the subject of limitation of actions. Chapter 4. We think the legislature never intended by the clauses cited to exclude every other limitation, whether created by statute or contract, from the operation of the general provisions of this chapter, so far as they might be applicable. The purpose of the sections quoted is answered in the construction that it was intended only to preserve the short limitations, that might conflict in point of time with the limitations specially prescribed in that chapter. This view has been sanctioned by the court of appeals in Hayden v. Pierce, 144 N. Y. 517, 64 S. R. 42, where the question was whether section 401 of that chapter, declaring that, when a cause of action accrued against a person who was without the state, the action may be commenced against him within the time limited therefor after his return to the state, applied to an action upon a disputed and rejected claim against the estate of a deceased person, and the short limitation of six months. It ivas held that it did, notwithstanding the clause we have cited, which excludes short limitation from the operation of chapter 4; and O’Brien, J., argues with great clearness against the contention of the defendant here, and holds that the general provisions of chapter 4 are applicable to all limitations, and he says at page 518, 144 N. Y. :
“ The very subdivision of that section now under consideration [section 414] would seem to except from the operation of the chapter a case wdiere a shorter limitation is prescribed by the written contract of the parties. This permits the parties *730 themselves to agree upon a shorter statute, but in such a case what reason is there for supposing that the general provisions of chapter 4 to which I have referred would not apply ? Indeed, it is scarcely possible to suppose that any other rule could have been contemplated by the framers of the statute, since to exclude these general provisions from the operation and application of a short limitation fixed by the contract of the parties would in many cases work the grossest injustice. There is a large class of actions and proceedings, mostly founded upon some statute, and not specified in chapter 4, to which special limitations apply. * * * In many of them the limitation, if applied, without reference to the general provisions referred to, would work such hardship and injustice that it is reasonably certain that such a result was never within the contemplation of the legislature. It is difficult to perceive how any special limitation applicable to any class of actions can be administered without producing great injustice, unless the courts are at liberty to apply to such cases, when necessary, at least some of the general provisions mentioned, and which are necessary to a just application of all such statutes.”
While the question in that case did not relate to limitations by contract, it did relate to a short limitation of another kind, and the case is conclusive upon the proposition that general provisions of chapter 4 are not limited as the words of section 414 might seem to imply. Judge O’Brien clearly shows in the case last cited that, while the contention of the defendant may be within the letter, of the Code, it is not within its spirit; and we are guided by the spirit, and not by the letter. Richards v. Insurance Co., supra.
The defendant seems to rely greatly upon Wilkinson v. Insurance Co., 72 N. Y. 499. In that case the policy contained the provision that no suit should be maintained upon it unless commenced within 12 months after the loss, any statute of limitation to the contrary notwithstanding. The insured assigned his policy to the plaintiff. Two years and nine months after the loss, action was commenced upon the policy. The defense of the short statute being set up, the plaintiff proved that in an action brought against the plaintiff and defendant, the parties to this action, by a third party, the court had enjoined the company in that action from paying the plaintiff, and the plaintiff from receiving the loss. The company did not procure the injunction issued, nor was it served upon them, nor had they notice that it was issued. The court properly held that this constituted no defense; the injunction only restrained the plaintiff from receiving the loss. The plaintiff was in no manner restrained from bringing his action upon the policy, and the case went off on this point. Some general remarks are made by Judge Andrews to the effect that:
“ The provision fixing the time within which an action must be brought is distinct, definite, and unqualified. The contract contains no saving of the right of action after the expiration *731 of the year from the time of the loss, for any cause whatever; and unless bringing of the action within the time limited by the contract is waived by the defendant, or was excused and made impossible by the act of God or of the law, the remedy of the plaintiff has been lost.”
In Hall v. Brennan, affirmed in 140 N. Y. 409, 55 S. R. 792, where B. on September 17, 1880, had made his promissory note on 12 months to S., B. died August 12, 1887, leaving a will, which, after a contest, was admitted to probate on March 23, 1889, upon which letters testamentary were issued to his executors. On March 21, 1890, action was commenced against the executors of B. Held that, from the time of the death of B. to the issue of letters testamentary, there was no person in being against Avhom the plaintiff could have brought their action; that this amounted to a statutory prohibition as to the plaintiff’s right to sue, and the period between the death and the issue of letters testamentary was no part of the time limited for the commencement of the action. This case also disposes of a further contention of the defendant, that there was laches on the part of those succeeding to the interest of the assured in the loss, in not procuring the appointment of a temporary administrator pending the contest on the probate of the will. The court says at page 397, 64 Hun, and page 624, 19 N. Y. Supp.:
“ It is no answer to this view to say that the plaintiffs might have applied for a temporary administrator under section 2668 of the Code of Civil Procedure. They could not procure such appointment as a matter of right. It is expressly made dependent on the discretion of the surrogate. The law did not require them to make the application under the penalty of losing their debt.”
The learned counsel for the defendant contends that, the short limitation in the policy being a matter of strict contract betAveen the parties, the death of the insured, though an act of God, did not excuse the failure to bring the action Avithin the year, as that Avas a contingency that should have been stipulated in the contract, if it were to be relied upon; and he cites a number of cases where parties have stipulated to do a Avork, or furnish materials, or perform a contract, as to matters of property, Avhich could be done by persons other than the party contracting to do it. In Dexter v. Horton, 47 H. Y. 64, the cases where death excuses are considered, and the distinction is draAvn between acts of a personal character, that must be performed by the contracting party, such as a promise to marry, paint a picture, deliver a particular horse, hold a concert, and adds:
“ The principle seems to us to be that, in contracts in which the performance depends on the continued existence of a certain person or thing, a condition is implied that the impossibility of performance arising from the perishing of the person or thing shall excuse the performance; and the reason given for *732 the rule is, because from the nature of the contract it is apparent that the parties contracted on the basis of the continued existence of the particular person or thing.”
And on page 64 the court says that there is “ a variety of cases where the courts have implied a condition in the contract itself, the effect of which was to relieve the party when the performance had, without his fault, become impossible.”
It seems to be conceded that the defendant might waive this short limitation. Why ? There is no such condition in the contract, but there is an implied condition attached to every contract that the party seeking the benefit of it may waive it, and he may put himself in a condition where he will be estopped from insisting upon the performance of the contract. So, in reason, there was an implied condition attached to this contract, that there should be at the time of the fire some party that could bring the action, and that until, in the course of legal procedure, the representatives of the insured, who had been removed by the act of God, could bring the action, this short and arbitrary limitation should not commence running. It is difficult to see how the insured was guilty of laches. There is no laches in the grave. The delay in appointing the representatives of the insured is explainéd, and in our opinion the laches on their part, if any, was not sufficient to bar their right to recover.
Our examination of this question thus far has proceeded upon the assumption that this provision of the standard ¡policy was exclusively a matter of contract between the parties, to be considered like any other contract in determining the rights of the parties. Under chapter 488 of the Laws of 1886 the superintendent of insurance was directed to prepare a form of fire insurance policies, which should contain stipulations and agreements that -were to bind the parties that should take insurance in this state; and it was further provided that after May 1, 1887, no other form of policy should be in use, except the one thus prepared. So that the policy wre are considering was established by law, and this provision concerning the bringing of actions is not a matter of agreement between the parties, primarily, but a command of the law; that is to say,, any one seeking to have his property insured, in this state, against fire, must agree to this short limitation, and he cannot agree to any other. So that the statute has said to him, “ if you take an insurance, you must make this agreement, or rather, subscribe to this condition.” The party thus subscribes to this condition under the compulsion of the law. And the limitation, though a contract in form, is a limitation created by law, and should be governed by the same principles that control other legal limitations. The standard policy was required, in the judgment of the legislature, as the panacea for many existing ills; and they are well described by Andrews, J., in Quinlan v. Insurance Co., 133 N. Y. 365 ; 45 S. R 200:
“ The act [chapter 488 of the laws of 1886] providing for a *733 uniform policy, known as the ‘ Standard Policy,’ and which makes its use compulsory upon insurance companies, marks a most important and useful advance in legislation relating to ■contracts of insurance. The practice which prevailed before this enactment, whereby each company prescribed the form of its contract, led to great diversity in the provisions and conditions of insurance policies, and frequently to great abuse. Parties taking insurance were often misled by unusual clauses and obscure phrases concealed in a mass of verbiage, and often so printed as almost to elude discovery. Unconscionable defenses based upon such conditions were not infrequent, and courts seemed sometimes to have been embarrassed in the attempt to reconcile the claims of justice with the law of contracts. Under the law of 1886, parties are not permitted to insert conditions in policies at their will. The policies they now issue must be uniform in their provisions, arrangement and type. Persons seeking insurance will come to understand to a greater extent than heretofore the contract into which they enter.”
An important change was created by the statute referred to, which was in force at the time this insurance policy was issued, and at the death of the insured. Many of the decisions, therefore, in regard to construing policies, that have been cited in this case, are inapplicable, and we must construe this policy in the light of these changed conditions and the purpose of the legislature. One of the conditions imposed is that the action shall be brought within 12 months next after the fire, but that condition must be construed in the light of other provisions of the policy. If by those other provisions the defendant postponed, in taking advantage of them, the right of the insured to sue, the time so taken by the defendant should not be taken out of the 12 months. The short limitation should only commence when the action could be brought under the conditions resulting from the policy itself. In other words, suppose after the fire the defendant should so delay the proceedings to ascertain the loss by examining the plaintiff from time to time on oath, examining his books from time to time, and taking advantage of other provisions whereby it could delay the time when the plaintiff could sue beyond the 12 months, so that the plaintiff’s cause of action really did not accrue during the short period limited; would any one contend that the defendant could avail itself of the short limitation under such circumstances % The standard policy certainly does not contemplate any such outrage. And the trend of modern decisions is to construe the provisions of the standard policy liberally, and to secure the ends of justice. Ladd v. Insurance Co., 147 N. Y. 478 ; 70 S. R. 69; Bobbins v. Insurance Co., 149 N. Y. 477; 44 N. E. 159; Bernard v. Insurance Co. (Sup.), 39 N. Y. Supp. 356; Dougherty v. Insurance Co. (Sup.), 38 N. Y. Supp. 258. In Steen v. Insurance Co., 89 N. Y. 316, it was provided that the defendant insured against all such immediate loss or *734 damage as might occur by fire to the property insured, and it was provided that:
“No suit or action of any kind against this company [the defendant there] for the recovery of any claim upon, under, or by virtue of this policy shall be sustained in any court of law or chancery unless such suit or action shall be commenced within the term of twelve months next after such loss or damage shall occur; and, in case any such suit or action shall be commenced against this company after the expiration of twelve months next after such loss or damage shall have occurred, the lapse of time shall be taken and deemed conclusive evidence against the validity of the claim thereby so. attempted to be enforced, any statute of limitation to the contrary notwithstanding.”
The policy in this case contained similar provisions to the-one in the case .at bar as to ascertaining the loss, and the procedure that the defendant might resort to in the premises before the claim should be due; and the court held that the 12-months limitation did not commence until the claim was. due and the action could have been brought, and cited Ames, v. Insurance Co., 14 N. Y. 253 ; Mayor, etc., of New York, v. Hamilton Fire Ins. Co., 39 N.Y. 45; Hay v. Insurance Co., 77 N. Y. 235,—containing a similar clause in the policy, which had held in the same direction; and Judge Danforth pithily says that:
“ The defendant having made the doing of certain things, and a fixed lapse of time thereafter, conditions precedent to the bringing of an action, the parties must be deemed to have contracted in reference to a time when the insured, except for that contract, might be in a condition to bring an action. Hnder any other construction, the two conditions are inconsistent with each other.”
The defendant cites King v. Insurance Co., 47 Hun, 1, as an authority for the position that under all conditions the 12 months must commence from the time of the fire. The policy in that case was issued in 1882, and contained a provision very similar to the one in. the case of Steen v. Insurance Co., supra, the only difference being that in the latter case the 12 months commenced next after such loss or damage shall have occurred, while in the former case it was to commence next after the fire shall have occurred; and the court in the former case attempts to draw a distinction at general term between the two phrases or statements. It seems to us that this is a distinction without a difference. The loss is from the fire. The loss occurs at the same time as the fire. The damage is by the fire, where the goods or property are not totally destroyed, and that is created by the fire. It will be seen, however, that the condition in the King Case, just cited, is very sweeping. After stating that the 12 months should be next after the fire had occurred, it provides that a failure to commence the action after the lapse of the 12 months “ shall be taken and deemed as. *735 conclusive evidence against the validity of such claim.” There is no such provision in the case at bar, and the omission of such provision was evidently intentional, to avoid the imposition of just such a hardship as the defendant is attempting to enforce in this action. But we need not attempt to reconcile the old cases. We are therefore to construe the policy in the case at bar in view of the purposes of the legislature in providing a uniform statute for the protection of the people and the insurance companies alike, so that neither by circumvention, nor fraud, nor unconscionable defenses either party could deprive the other of justice and substantial rights; and we are of the opinion that the true construction to be placed upon this policy is that given by Judge Danforth, above referred to. No injustice can come from this conclusion, and much injustice may be prevented, and a reasonable construction given to a condition otherwise harsh and oppressive. This view has been recently taken by the supreme court of the state of Nebraska in Insurance Co. v. Davis, 59 N. W. 698, where, under a policy providing that no action therein can be maintained unless commenced within 6 months after the fire, and that the damage should be paid 60 days after satisfactory proofs of loss shall have been received by the company, it was held that an action on the policy was not barred if commenced within 6 months after the expiration of the 60 days. And the United States court of appeals, in Steele v. Insurance Co., 7 U. S. App. 325, 2 C. C. A. 463, and 51 Fed. 715, have held in the same direction. The 12-months limitation not having commenced until the service of the proofs of loss by the plaintiff as executor, and this action having been brought within a few months thereafter, under the construction of the contract which we think should be given it, the action could be maintained.
In both aspects of the case, as we have considered, the trial court was right in directing the verdict for the plaintiff; and the motion for a new trial should be denied, with costs, and judgment should be entered upon the verdict as directed by the court.