GERTRUDE E. PLACE, Appellant, v. THE NEW YORK CENTRAL
AND HUDSON RIVER RAILROAD COMPANY, Respondent.   ·

TRIAL — WHEN NONSUIT ERRONEOUS.    Where conflicting evidence
fairly presents questions of fact, and the result clearly depends upon the
weight to be given to the evidence by the jury, a nonsuit in an action to
recover damages for alleged negligence is reversible error.

*Place* v. *N. Y. C. & H. R. R. R. Co.*, 45 App. Div. 629, reversed.

(Argued May 6, 1901; decided June 4, 1901.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered
December 6, 1899, affirming a judgment in favor of defend-
ant entered upon a dismissal of the complaint by the court
at a Trial Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*L. F. Fish* for appellant.    In a case which of right is tria-
ble by jury, the court cannot take from that tribunal the ulti-
mate decision of the fact, unless the fact is either uncontra-
dicted or the contradiction is illusory, or where, to use a
current word, the answering evidence is a scintilla merely.
(*Bagley* v. *Bowe*, 105 N. Y. 171; *Luhrs* v. *Brooklyn Heights
R. R. Co.*, 11 App. Div. 173; 13 App. Div. 126; *Fealey* v.
*Bull*, 163 N. Y. 397.)

*C. D. Prescott* for respondent.    The evidence did not enti-
tle plaintiff to a verdict.    (*Koehler* v. *R. & L. O. Ry. Co.*, 66
Hun, 566; *Rainey* v. *N. Y. C. & H. R. R. R. Co.*, 68 Hun,
496; *Culhane* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y.
133; *McKeever* v. *N. Y. C. & H. R. R. R. Co.*, 88 N. Y.
667; *Dwight* v. *Germania L. Ins. Co.*, 103 N. Y. 343; *Bei-
siegel* v. *N. Y. C. R. R. Co.*, 40 N. Y. 9; *Dyer* v. *E. Ry.
Co.*, 71 N. Y. 228; *Houghkirk* v. *D. & H. C. Co.*, 92 N. Y.
219; *Grippen* v. *N. Y. C. R. R. Co.*, 40 N. Y. 34.)

BARTLETT, J.    The plaintiff sues to recover damages of the
defendant for personal injuries sustained by reason of its

44

alleged negligence.  The plaintiff was one of seven or eight persons crossing the tracks of the defendant, from north to south, in a sleigh, at St. Johnsville, on the evening of December 24th, 1897, between ten and eleven o'clock.  At this point eight tracks of the defendant cross the only road in that locality leading from St. Johnsville south, and is known as Bridge street.  St. Johnsville has some two thousand inhabitants and is located north of the tracks, there being only a few scattering buildings on the south side.  The plaintiff and her companions, residing in the country south of St. Johnsville, were, at the time of the accident, returning home from a Christmas eve festival held in one of the churches of the town.  The sleigh, while crossing the defendant's tracks, collided with one of the fast express trains moving west on the second track from the south, at a speed of forty miles an hour, it making no stop at St. Johnsville.  The sleigh, consisting of bobs and a woodrack, with straw in the bottom, was struck at a point about the center, the horses escaping, but all the passengers receiving more or less serious injuries.

At the close of the evidence the learned trial judge dismissed the complaint, the plaintiff having sworn fifteen and the defendant twenty witnesses.  The Appellate Division affirmed the judgment of the Trial Term without an opinion.

A perusal of the record satisfies us there are questions of fact which should have been submitted to the jury.  The following are the questions of fact which were sharply contested at the trial: Were proper signals by bell or whistle given as the train approached the crossing; were the driver of the sleigh and his passengers vigilant or negligent when approaching and crossing the tracks; was the speed of the train at forty miles an hour (which is conceded) negligence on the part of the defendant in view of existing conditions at the crossing; what were the existing conditions at the crossing as to the location of freight cars on the various tracks, and did they shut off the approaching train from the view of the plaintiff and her companions until they were on the track where the accident happened ?

Conflicting evidence bearing upon all of these questions was given by many witnesses who were interested and by others who were not. The result of the trial clearly depended upon the weight which might be given by the jury to the evidence presented on behalf of the respective parties.

The plaintiff, in attacking the judgment dismissing her complaint, is entitled to the most favorable inferences deducible from the evidence, and all disputed facts are to be treated as established in her favor. (*Ladd* v. *Ætna Ins. Co.*, 147 N. Y. 478, 482; *Higgins* v. *Eagleton*, 155 N. Y. 466; *Ten Eyck* v. *Whitbeck*, 156 N. Y. 341, 349; *Bank of Monongahela Valley* v. *Weston*, 159 N. Y. 201, 208; *McDonald* v. *Metropolitan Street Railway Co.*, 167 N. Y. 66.)

The defendant in its effort to sustain the judgment is confronted by the rule so frequently laid down in this court that we have nothing to do with the weight of evidence; that if a question of fact is fairly presented it should have been submitted to the jury.

In a very recent case (*McDonald* v. *Metropolitan Street Railway Co.*, 167 N. Y. 66) this court reviewed the authorities and approved the rule laid down in *Colt* v. *Sixth Ave. R. R. Co.* (49 N. Y. 671) as follows: "It is not enough to justify a nonsuit that a court on a case made might in the exercise of its discretion grant a new trial. It is only where there is no evidence in law, which, if believed, will sustain a verdict, that the court is called upon to nonsuit; and the evidence may be sufficient in law to sustain a verdict, although so greatly against the apparent weight of evidence as to justify the granting of a new trial."

In *Bagley* v. *Bowe* (105 N. Y. 171, 179) the rule is thus stated by Judge ANDREWS: "The trial court or the General Term is authorized to set aside a verdict and direct the issue to be retried before another jury, if in its judgment the verdict is against the weight or preponderance of evidence, but in a case which of right is triable by jury the court cannot take from that tribunal the ultimate decision of the fact, unless the fact is either uncontradicted or the contradiction is illusory,

or where, to use a current word, the answering evidence is a 'scintilla' merely."

As there must be a new trial, it is unnecessary to examine the other questions presented.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

PARKER, Ch. J., HAIGHT, MARTIN, VANN and WERNER, JJ., concur; GRAY, J., not sitting.

Judgment reversed, etc.