BARBARA VROOMAN, Appellant, *v.* CITY SAVINGS BANK OF ALBANY, Respondent.

Third Department, May 26, 1931.

*William T. Byrne* [*Louis J. Rezzemini* of counsel], for the appellant.

*Barnett Cohen* [*John J. McManus* and *Charles J. Herrick* of counsel], for the respondent.

RHODES, J. In February, 1927, plaintiff, a secretary employed in the office of the Adjutant-General on the tenth floor of the City Savings Bank Building, belonging to the defendant, fell down stairs and was injured. There were nine treads in the flight of stairs, each side of the stairway being inclosed by a solid wall. The treads were marble and the risers were metal. An ordinance of the city, adopted in 1916, required handrails in connection with the stairs in any fireproof building thereafter erected. Defendant's building was erected in 1923. The stairs in question had no handrail. The Adjutant-General occupied the tenth floor, with certain other space, under a written lease from the defendant for a term from May 1, 1924, to May 1, 1929. The lease does not expressly recite that the entire tenth floor is demised, but specifies the rooms leased and as a matter of fact such rooms do comprise the entire floor. The rooms in the rear of said floor are in a portion of the building known as the tower and are on a higher elevation than the rooms in the front, and said tower rooms are reached only by the stairs in question. It may be assumed that the stairs were a portion of the leased premises exclusively within the control of the tenant and not reserved as a common means of passage for the benefit of other tenants in the building. In such a situation the defendant landlord would not be obligated to make repairs in the absence of covenant. (*Witty* v. *Matthews*, 52 N. Y. 512; *Clancy* v. *Byrne*, 56 id. 129.) Except perhaps by inference, the lease does not expressly require the defendant to make repairs. It does prohibit the tenant from marking, painting, drilling into or in any way defacing the walls, partitions, etc., without the written permission of the landlord, and prohibits the installation of telephone, telegraph or electrical connections without such permission and direction. It provides that the landlord shall furnish heat, light and elevator service and that it shall have access to the premises for making such improvements, alterations and repairs as it deems expedient at the cost of the landlord.

Plaintiff introduced evidence of a fall on the same stairs by another person some time prior to her injuries and that the president of the defendant was immediately notified of such prior occurrence and asked if railings could not be put up there and he stated he

would attend to it. If the defendant was under no obligation to repair, then its promise so to do would be gratuitous and imposed no obligation. (*Marks* v. *Nambil Realty Co., Inc.*, 245 N. Y. 256.) The terms of the lease as to the obligation to repair being ambiguous, the conduct of the parties would be important as indicating their construction of the meaning of the lease and the promise of the defendant would tend to indicate its recognition of its obligation thereunder. If the jury should find the facts in favor of the plaintiff establishing a covenant to repair on the part of the defendant, then the question of its negligence in failing to erect handrails would be for the jury, if such failure had causal relation to the accident; as to this the jury would be authorized to find that such absence was a producing cause of the injury because plaintiff testified that in falling she groped, grasped or reached for something. (*Martin* v. *Herzog*, 228 N. Y. 164; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 id. 522; *Knupfle* v. *Knickerbocker Ice Co.*, 84 id. 488; *Amberg* v. *Kinley*, 214 id. 531.)

The question of plaintiff's contributory negligence would also be a question of fact for the jury. (*Kettle* v. *Turl*, 162 N. Y. 255; *Conway* v. *Naylor*, 222 id. 437; *Larkin* v. *N. Y. Tel. Co.*, 220 id. 32; *Nicholson* v. *Greeley Square Hotel Co.*, 227 id. 345; *Smith* v. *N. Y. C. & H. R. R. R. Co.*, 177 id. 224.)

The court having granted a nonsuit, the plaintiff was entitled to the most favorable inferences deducible from the evidence and all contested facts are to be deemed established in her favor. (*Ladd* v. *Ins. Co.*, 147 N. Y. 478.)

The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

WHITMYER and HILL, JJ., concur; VAN KIRK, P. J., dissents, with a memorandum in which HINMAN, J., concurs.

VAN KIRK, P. J. (dissenting). I dissent and vote for affirmance on the ground that no negligence of defendant is shown. Placing a handrail along the sides of the stairway is not a repair; the stairway was in perfect condition with a solid wall on either side; the defendant had no duty to install handrails; it did not violate any statute, any city regulation or any condition in the lease when it failed to install them. If defendant's president, when complaint of the absence of handrails was made, replied that he would attend to it, such promise did not impose an obligation on defendant. (*Marks* v. *Nambil Realty Co., Inc.*, 245 N. Y. 256.)

HINMAN, J., concurs.

Judgment reversed on the law and the facts and new trial granted, with costs to the appellant to abide the event.